BARZILLAI WALKER *vs.* OLD COLONY & NEWPORT RAILWAY COMPANY.

In estimating, under the Gen. Sts. *c.* 63, § 21, the damages occasioned to the owner of a messuage by taking part of his land for a railroad, depreciation in value of his estate arising from the proximity of the road and running of the trains, is to be considered so far, and only so far, as it is due to proximity caused by and would not have resulted but for such taking.

The turning of surface water upon land by a railroad embankment is a proper element in the estimation, under the Gen. Sts. *c.* 63, § 21, of damages occasioned to the landowner by the construction of the railroad.

PETITION to the county commissioners for the assessment by a jury of damages occasioned by taking land of the petitioner, in Taunton, for the construction of the respondents' railroad. Hearing by the jury before the sheriff, the material part of whose certificate was as follows :

" The premises consisted of half an acre of land on the east side of Weir Street, with a dwelling-house and other buildings upon it, the back corner of which, being about one fifteenth of an acre, was taken by the railroad.

" The petitioner claimed damages for the depreciation of his estate by reason of the proximity of the railroad to his dwelling-house, such as the noise, smoke and soot from passing trains, the whistling of the engine near his premises, and such like causes ; and he inquired of one witness how much in his opinion the estate was depreciated in value by the construction of the road. The respondents objected to this question, unless depreciation arising from the mere proximity and running of the road were excluded, but the sheriff admitted the question and the answer, which was, ' It would reduce it one third as a dwelling-house.'

" The respondents asked the sheriff also to rule that depreciation in the value of the property, arising from the proximity of the road and running of the trains, such as noise and smoke and soot from passing trains, blowing of the whistle near the petitioner's land, stopping of the trains near it, and such like causes, were not elements of damages in the case, but the sheriff, for the purposes of the trial, ruled otherwise, and directed the jury that they might assess damages for these causes as well as others.

" The petitioner testified that the surface water from rains formerly ran down Weir Street past his house, but that the construction of the railroad across Weir Street had, by raising somewhat the grade thereof, obstructed such water and turned it upon the estate adjoining his land, from which it passed into his back land and injured it; and that the construction of a culvert about a foot square in the highway, under the railroad, would have remedied the difficulty. The respondents objected

to the assessment of any damages for this cause, but the peti-
tioner contended that he was entitled to damages for this cause
and asked the sheriff to rule accordingly; and the sheriff ruled
that the jury might include damages for that cause, if they
found such waste water was any damage."

The jury returned a verdict assessing damages for the peti-
tioner; but, on exceptions by the respondents, the superior court
ruled that the verdict should be wholly set aside, and to this
ruling the petitioner alleged exceptions.

*J. H. Dean,* for the petitioner. The effects of the noise, smoke,
soot, blowing of whistles, and other like causes, occasioned by
the running of trains over the petitioner's land near his dwelling-
house, were proper elements to be considered in estimating the
damages. The words of the Gen. Sts. c. 63, § 21, " the corpo-
ration shall pay all damages occasioned by laying out and mak-
ing and maintaining its road," are broad enough to include
damages arising from the use of the road. Damages resulting
from these and kindred causes have often been the basis of
actions at law and of indictments. *Eames* v. *New England
Worsted Co.* 11 Met. 570. *Vandine* v. *Burpee,* 13 Met. 288.
*Rex* v. *White,* 1 Burr. 333. Such statutes are to be construed
liberally in favor of the landowner. *Parker* v. *Boston & Maine
Railroad,* 3 Cush. 107. *East & West India Docks & Birming-
ham Junction Railway Co.* v. *Gattke,* 3 Macn. & Gord. 155.
*The Queen* v. *Eastern Counties Railway Co.* 2 Q. B. 347. Danger
of fire arising from the close proximity of passing trains has
been recognized as a proper element of damages. *Proprietors
of Locks & Canals* v. *Nashua & Lowell Railroad Co.* 10 Cush.
385. *In re Stockport, Timperley & Altringham Railway Co.* 10
Jur. (N. S.) 614. Damages of the same nature as those claimed
here have been allowed. *Brand* v. *Hammersmith & City Railway
Co.* Law Rep. 2 Q. B. 223. *London & Northwestern Railway
Co.* v. *Bradley,* 3 Macn. & Gord. 336. *Western Pennsylvania
Railroad Co.* v. *Hill,* 56 Penn. State, 460. The petitioner is
entitled to damages for injury caused by surface water.

*E. H. Bennett,* for the respondents. Depreciation of property
caused by the proximity of a railroad is not an element of

damages under the Gen. Sts. *c.* 63, § 21. There is no sound distinction between cases where land is actually taken, and where it is not. Such depreciation is caused by using a railroad; not " by laying out, making or maintaining " it. The landowner's legal damages are fixed and final, whether the road is ever operated or not. The emission of smoke and sparks without negligence, though it sets on fire adjoining property, is *damnum absque injuriâ,* and furnishes no cause of action. *Vaughan* v. *Taff Vale Railway Co.* 5 H. & N. 679. *Burroughs* v. *Housatonic Railroad Co.* 15 Conn. 124. *Chapman* v. *Atlantic & St. Lawrence Railroad Co.* 37 Maine, 92. *Aldridge* v. *Great Western Railway Co.* 3 M. & G. 515. Some courts even hold that depreciation in value arising from danger of fire from locomotives is not to be considered in estimating damages. *Sunbury & Erie Railroad Co.* v. *Hummell,* 27 Penn. State, 99. *Lehigh Valley Railroad Co.* v. *Lazarus,* 28 Penn. State, 203. *Patten* v. *Northern Central Railway Co.* 33 Penn. State, 426.

The right to damages does not depend upon the question whether land is actually taken, but upon the nature of the damages claimed. *Dodge* v. *County Commissioners,* 3 Met. 380. *Ashby* v. *Eastern Railroad Co.* 5 Met. 368. *Parker* v. *Boston & Maine Railroad,* 3 Cush. 107. *Babcock* v. *Western Railroad Co.* 9 Met. 553. *Tower* v. *Boston,* 10 Cush. 235. The authorities are uniform against the allowance of the elements of damages claimed by this petitioner. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad Co.* 10 Cush. 385, 389. *Brand* v *Hammersmith & City Railway Co.* Law Rep. 1 Q. B. 130; *S. C.* Law Rep. 4 H. L. 171. *Albany Northern Railroad Co.* v. *Lansing,* 16 Barb. 68. *Canandaigua & Niagara Falls Railroad Co.* v. *Payne,* Ib. 273. *In re Penny,* 7 El. & Bl. 660. *Boston & Worcester Railroad Co.* v. *Old Colony Railroad Co.* 12 Cush. 605. *Caledonian Railway Co.* v. *Ogilvy,* 2 Macq. 229; 29 Eng. Law & Eq. 22. *Wood* v. *Stourbridge Railway Co.* 16 C. B. (N. S.) 222. *Beckett* v. *Midland Railway Co.* Law Rep. 1 C. P. 241.

Damages caused by turning waste water from the street upon the land were improperly allowed. A landowner has no remedy against any one who turns surface water upon his land

either from adjoining land or from the public highway. *Turner* v. *Dartmouth*, 13 Allen, 291. *Franklin* v. *Fisk*, Ib. 211. *Gannon* v. *Hargadon*, 10 Allen, 106. *Bates* v. *Smith*, 100 Mass. 181. Damages are not recoverable in this proceeding under the statute, for any act, unless, but for the statute, the party doing the act would be liable at common law.

WELLS, J. In this case the premises affected by the location of the railroad consisted of a dwelling-house and house lot of about half an acre of land. A part of this land was taken; and the question raised is, whether the jury might consider the depreciation of the value of the estate by reason of the proximity of the railroad to the dwelling-house, and the incidental effects of the running of trains thereon. These incidental effects are the natural and inevitable consequences of the exercise of the franchise which the legislature has granted to the corporation. They do not therefore constitute a public nuisance, and, independently of the taking of land, they cannot be made a ground for the recovery of damages, as for a private injury. See *Presbrey* v. *Old Colony & Newport Railway Co.*, ante, 1.

But, when land is taken, the owner is entitled to compensation for such injury to the value of his whole lot as is occasioned by the appropriation of a part of it to the uses for which it is taken. Such an appropriation to the uses of a railroad may clearly be more injurious to the whole lot, aside from cuts and embankments, than would an appropriation for a highway or a public park. One of the valuable incidents of the ownership of land is the right and power of exclusion. So far as the value of the property, depending on this right and power, is affected by its abridgment, compensation therefor should be included in the damages. But for the authority conferred by its franchise, the corporation might be held liable in damages, directly, for injuries to property or disturbance in its occupation, in the manner and by the causes relied on by the petitioner in this case. *Wesson* v. *Washburn Iron Co.* 13 Allen, 95. By taking a part of the petitioner's land the corporation is enabled to exercise its franchise so much nearer to his house, and, it may be, much more injuriously. So far as it is more injurious, to

that extent the damages for taking the land should be increased. The increase is not additional damages for the probable results of the exercise of the franchise, but compensation for the greater injury to the whole premises involved in the character of the purpose for which a part is taken.

The ruling, requested by the respondent, that depreciation of value " arising from the proximity of the road and running of the trains " should be excluded from consideration, in the assessment of damages, was properly refused. Such depreciation should be considered, so far as it is due to proximity secured by means of taking a part of the petitioner's land, and would not have resulted but for such taking.

On the other hand, the testimony of the witness offered by the petitioner and admitted, as to " how much in his opinion the estate was depreciated by the construction of the road ; " and the direction to the jury " that they might assess damages for these causes as well as others," gave too broad a range to the estimate of the damages to which the petitioner was entitled. His lot contained but half an acre. If the road had been constructed close to his land, but without taking any part of it, he would have had no right to recover for any depreciation in the value of his property by reason of the several causes to which these rulings relate. It is only so far as the annoyances and inconvenience arising from these causes are increased by reason of the taking of a part of the land, that they are to be considered, as an incident of such taking, in estimating the damages or depreciation of value. The petitioner's lot did not, apparently, give him that right and power of exclusion to such an extent that the whole depreciation in the value of his property by the construction of the road can be supposed to be due to the taking of a part of his land and the causes directly affecting the premises. It is proper, therefore, that the case should be submitted to another jury. *Eldredge* v. *Smith*, 13 Allen, 140.

The injury from surface water turned back by the embankment of the railroad, and made to flow upon the petitioner's land, or prevented from escaping therefrom in the usual mode, was proper for the consideration of the jury in estimating his

damages.   Where there is a public, or even, as it would seem a private right or easement of drainage, it is the duty of the railroad corporation to make suitable provision for it; and their failure to do so subjects them to an action of tort, but not to damages upon complaint.   *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad Co.* 10 Cush. 385.   *Perry* v. *Worcester*, 6 Gray, 544.   But no such duty exists in regard to surface water.   The cuts and embankments and necessary gutters of the railroad track will unavoidably modify the flow of surface water, and sometimes cause damage by keeping it back or projecting it in large quantities upon lands adjoining the road. Injuries to land from such causes would seem clearly to fall within the class of effects which have been held to afford ground for the assessment of damages under the statute.   *Dodge* v. *County Commissioners*, 3 Met. 380.   *Babcock* v. *Western Railroad Co.* 9 Met. 553.   *Parker* v. *Boston & Maine Railroad*, 3 Cush. 107.   *Chapin* v. *Boston & Providence Railroad Co.* 6 Cush. 422.   *Tower* v. *Boston*, 10 Cush. 235.   *Brown* v. *Providence, Warren & Bristol Railroad Co.* 5 Gray, 35.   *Curtis* v. *Eastern Railroad Co.* 14 Allen, 55.

The provisions of Gen. Sts. *c.* 63, § 40, authorizing the commissioners to require the corporation to construct and maintain such drains, culverts, etc., " as they judge reasonable for the security and benefit of such owners," imply that the landowners are to be protected in this respect at the expense of the corporation.   If protection is not secured by means of such an order, the only indemnity which the landowner can have must be by the assessment of compensation in damages.   *Turner* v. *Dartmouth*, 13 Allen, 291.

Upon the ground first considered, the decision of the superior court, setting aside the verdict, was right.

*Exceptions overruled.*