O'CONNOR VS. THE FOND DU LAC, AMBOY & PEORIA RAILWAY COMPANY.

*May 17 — June 4, 1881.*

RAILROADS. *Right to obstruct drainage.*

The fact that a railway company, in constructing its road-bed, has filled up an artificial ditch on the land by which surface water was conducted from plaintiff's premises to a river, and has thus turned back the water upon said premises, is no ground of action.

APPEAL from the Circuit Court for *Fond du Lac* County.

The complaint alleges, in substance, that the defendant is a corporation; that the plaintiff is, and for the past five years has been, the owner and occupant of certain lands, with a dwelling-house thereon, in the city of Fond du Lac; that low lands near her premises have ever been drained by a watercourse, or ditch, which carried off the surface water to the river, and in that manner her own premises were kept dry; that it became and was the duty of the defendant, in building its railroad across or through ditches, drains or watercourses, to restore them to their former usefulness and so prevent damage to the adjacent premises, and to that end the defendant did build a culvert for the passage of the water that flowed through said ditch or drain, so that it was carried off eastward to the river as the same was ever wont to run; that afterwards, in April, 1880, the defendant wrongfully and negligently filled up the culvert and stopped the flow of water through said drain

or watercourse, and turned the water back upon the plaintiff's premises, thereby soaking her land and rendering it unfit for cultivation, making her dwelling-house damp and unhealthy, and causing sickness to the inmates; that the defendant well knew that for years prior to the building of its road-bed there had been a drain or watercourse that carried off the surface water as stated, and well knew the necessity of keeping a cul-·vert or passage-way open through its railroad, through which the surface water might run to the river, but neglected and refused to rebuild the culvert so ·filled up, and to restore said watercourse to its former usefulness, and has permitted the· same to become and remain a nuisance, and has thereby damaged the plaintiff's premises, one thousand dollars. The prayer of the complaint was for damages, and that the defendant be compelled to build and keep a passage-way or culvert in its road-bed for the passage of the water that was wont to flow through said drain or watercourse.

The defendant demurred to the complaint, on the grounds: 1. That several causes of action were improperly united; and 2. That it did not state facts sufficient to constitute a cause of action. From an order sustaining the demurrer, plaintiff appealed.

For the appellant there was a brief by *D. Babcock*, her attorney, with *R. M. Bashford*, of counsel, and oral argument by *Mr. Bashford:*

This case is not within the ruling of *Pettigrew v. Evansville*, 25 Wis., 223, and *Hoyt v. Hudson*, 27 id., 656. 1. It is al-leged in the complaint that this·is a *watercourse*, ditch or drain. The term, watercourse, as used in section 1836, R. S., does not necessarily mean a natural stream. See Webster's Dic., " Watercourse," " Drain, " " Canal; " Burrill's Law Dic., "Watercourse;" *Earl v. De Hart*, 12 N. J. Eq., 280–283. The terms ditch, drain and watercourse are used inter-changeably in the statutes. See R. S., secs. 1363, 1383. And drains and ditches are, equally with natural watercourses,.

within the mischief intended to be remedied by sec. 1856, R. S., and should be governed by the same rule. *Freeman v. Weeks*, 7 N. W. Rep., 904. Our statute was borrowed from that of New York, and has been there construed. *Fletcher v. Railroad Co.*, 25 Wend., 462; *Robinson v. Railroad Co.*, 27 Barb., 512; *Brown v. Railroad Co.*, 12 N. Y., 486; *Mahon, v. Railroad Co.*, 1 H. & D., 156; *Cott v. Railroad Co.*, 36 N. Y., 214. See also *Hatch v. Railroad Co.* and *Whitcomb v. Railroad Co.*, 25 Vt., 49, 70; *Waterman v. Railroad Co.*, 30 id., 610; *Johnson v. Railroad Co.*, 35 N. H., 569; *Lawrence v. Railway Co.*, 71 E. C. L., 643; *S. C.*, 16 Ad. & El., 643. 2. In this case a private nuisance is sought to be abated. The complaint alleges such carelessness in construction and such unreasonable use of the railroad property as works an injury to the plaintiff and violates her right. 3. Without any statute the defendant would be liable for committing a nuisance. With a statute legalizing the act of the company, it is liable, if it could have so acted as to prevent the injury. It has been held that a municipal corporation, though not bound to furnish facilities to property owners for drainage, yet, after deciding to build drains, is liable for failure to keep them in repair. *Rochester W. L. Co. v. Rochester*, 3 N. Y., 464; *Barton v. Syracuse*, 36 id., 54; *Nims v. Troy*, 59 id., 500–508; *Mayor v. Furze*, 3 Hill, 612; *McCarthy v. Syracuse*, 46 N. Y., 194; *Mills v. Brooklyn*, 32 id., 489; *Hutson v. Mayor*, 9 N. Y., 163; *Donohue v. Mayor*, 3 Daly, 65; 6 Wis., 377; 7 id., 484; 24 id., 270; 30 id., 365; 26 id., 46. The railroad company, by its action in building a culvert, recognized the necessity of constructing it, and was by law bound to keep it in repair. *Johnson v. Milwaukee*, 46 Wis., 568; *James v. Portage*, 48 id., 678. If the company could exercise the rights granted to it in a way that would not be productive of injury to private rights, it was bound so to exercise them. If there were two modes in which the work could be done, one of which would create a nuisance and the other not, they were bound to choose

the method which would obviate the nuisance. Wood on Nuisances, 782; *Mathers v. Water Works*, 3 Camp., 402; *Waterman v. R. R. Co.*, 30 Vt., 610; *Lawrence v. Railway Co.*, 4 Eng. L. & Eq., 265; *Hamden v. R. R. Co.*, 27 Conn., 158; *Johnson v. R. R. Co.*, 35 N. H., 567. Where an act done .under legislative authority creates a nuisance, the legislative grant is no protection against a private action for damages. Wood on Nuisances, 789, 792–3; *Hatch v. R. R. Co.*, 25 Vt., 67. The method of construction of the railroad amounts to an abridgement of plaintiff's right incident to her property, and so operates as an appropriation of the property. *Goodall v. Milwaukee*, 5 Wis., 32. The principle is the same whether the owner is wholly deprived of the use of his land or only partially deprived of it. *Eaton v. Railroad*, 12 Am. Rep., 147; *S. C.*, 51 N. H., 504; 18 Wis., 428; 24 id., 422; 31 id., 428; *Pumpelly v. Green Bay Co.*, 13 Wall., 166; *Arimond v. G. B. & M. Canal Co.*, 31 Wis., 316; *Pettigrew v. Evansville*, 25 id., 223. 4. The demurrer admits the allegation that this is a "ditch, drain or watercourse." If the last, it is within the very words of the statute, and the complaint is clearly sufficient. If the pleading is not sufficiently definite and certain, the remedy is not by demurrer but by a motion. Whether this is in fact a natural watercourse, within the definition of that term, will not be determined on demurrer, but is a question of fact for a jury. See *Eulrich v. Richter*, 37 Wis., 226; *S. C.*, 41 id., 318; 27 id., 656.

The cause was submitted for the respondent on the brief of *Geo. P. Knowles.* He argued that the owner of higher ground has no such natural easement as entitles him to discharge surface water over the land of another. *Pettigrew v. Evansville*, 25 Wis., 223; *Eulrich v. Richter*, 37 id., 229; *Hoyt v. Hudson*, 27 id., 656; *Fryer v. Warne*, 29 id., 511.

COLE, C. J. The gravamen of the complaint is, as we interpret its allegations, that the defendant company, in making

its road-bed, filled up a ditch, which drained or carried the surface water from the plaintiff's premises to the river. We do not understand that any stream of water, or watercourse proper, was interrupted, crossed or changed by the company in building its road, though there is some language which would almost warrant such an inference. But the better, and, as we think, true construction of the complaint is, that the action is brought for damages caused the plaintiff in consequence of the defendant filling up a drain 'by its road-bed in the vicinity of the plaintiff's land, "thereby preventing the free passage of the surface water from her premises and the adjoining lands eastward to the river." Assuming this to be the cause of action intended to be stated, the question arises, Does it show a legal injury? We are of the opinion that it does not. True, it is averred that the company, unmindful of its duties in that regard, wrongfully and negligently filled up a culvert which it first built in its road-bed, and thus stopped the flow of water through the ditch. But this only raises the question whether the defendant was bound to provide a way for the escape of mere surface water from the plaintiff's premises. That question has already been settled in this state adversely to the claim of plaintiff.

In *Hoyt v. City of Hudson*, 27 Wis., 656, it was in effect decided, that, under the rule of the common law which exists here, an owner has the right to obstruct and hinder the flow of mere surface water upon his land from the land of other proprietors; that he may even turn the same back upon or onto the land of his neighbor, without incurring liability for injuries caused by such obstructions. The same doctrine was laid down in *Pettigrew v. Village of Evansville*, 25 Wis., 223, where the question is very fully considered; also in *Fryer v. Warne*, 29 Wis., 511. There is a discrepancy in the decisions of the different states upon this subject, because some follow the rule of the civil law, which gives a servitude on the lower in favor of the superior estate. But here the rule of the common law has

been already adopted, and we see no good reason for changing it. According to that rule, no natural easement or servitude exists in favor of the owner of the higher ground for the flow of mere surface water over the lower estate, but the owner of the latter may detain or divert the same without rendering himself liable in damages therefor. But this rule does not apply to a watercourse, which implies a stream usually flowing in a definite channel, though it may at times be dry. *Eulrich v. Richter*, 37 Wis., 226. But a watercourse does not include mere surface water which is supplied by rains or melting snow flowing in a hollow or ravine on the land. *Hoyt v. Hudson, supra.*

We place our decision upon the distinct ground that the complaint fails to show that any natural watercourse, properly speaking, has been obstructed or interfered with by the defendant. The company has only obstructed a ditch which drained or carried off surface water from the plaintiff's premises. We do not think the defendant was bound to keep that ditch open on its own land for the convenience of the plaintiff; in other words, the owner of land is under no legal obligation to provide a way for the escape of mere surface water coming on to his land from the land of his neighbor, but has the right to change the surface of the ground so as to interfere with or obstruct the flow of such water. " The obstruction of surface water, or an alteration in the flow of it, affords no cause of action in behalf of a person who may suffer loss or detriment therefrom against one who does no act inconsistent with the due exercise of dominion over his own soil." BIGELOW, C. J., in *Gannon v. Hargadon*, 10 Allen, 106–110.

The learned counsel for the plaintiff argued the case upon the assumption that the complaint shows that a stream of water or natural watercourse had been obstructed to the injury of his client; but we do not understand this to be the cause of action stated. It is quite clear that the company would have

no right to obstruct a watercourse or divert a stream of water so as to cause damage to another, without being responsible therefor. For an injury thus occasioned the company would surely be liable, upon general principles as well as by virtue of section 1836, R. S. That liability has often been enforced by the courts. *Young v. C. & N. W. Railway Co.*, 28 Wis., 171; *Lyon v. G. B. & Minn. Railroad Co.*, 42 Wis., 538; *Brown v. C. & S. Railroad Co.*, 12 N. Y., 486; *Hatch v. Vt. Cent. Railroad Co.*, 25 Vt., 49; *Lawrence v. Railway Co.*, 71 Eng. Com. Law, 643; *Hamden v. N. H. & N. Railroad Co.*, 27 Conn., 158; *Johnson v. A. & St. L. Railroad Co.*, 35 N. H., 569, are a few of the many cases which might be cited in support of that proposition of law. In *Waterman v. Conn. & Pass. Rivers Railroad Co.*, 30 Vt., 610, it was held "that a railroad company may, as a question of prudence and care, as well be required to have regard to the prevention of damage to a land-owner by the accumulation of surface water merely, as of a running stream, when the geographical formation and surrounding circumstances are such as to make it apparent to reasonable men that such precautions are necessary; and that ordinarily what would be a reasonable performance of that duty under a given state of circumstances, would be a question of fact, and not a question of law for the court." Page 615.

But the facts stated do not bring the case within the doctrine of any of the above decisions. Here, it appears, there is low land adjacent to the plaintiff's premises, the surface water from which was accustomed to flow through a ditch which was on another's land. That ditch the defendant has filled up in constructing its road-bed, and thereby turned this surface water back upon plaintiff's premises, causing the injury complained of; that is, the surface of the land has been changed by the construction of the defendant's road-bed, which prevents the surface water from passing off to the east to the river. This

is the cause of action stated. No stream or watercourse has been obstructed, as we construe the complaint. We, therefore, think the facts stated do not constitute a cause of action, and that the demurrer was properly sustained.

*By the Court.*— The order of the circuit court is affirmed.