BROWN, P. J.
— The plaintiff is the owner of land in Queens-county which adjoins the defendant’s railroad. Prior to October, 1891, the railroad tracks were supported by a trestlework of wood. During that month the defendant filled in the trestlework with earth and stone, and constructed a solid embankment for its roadbed. The. court found that prior to the erection of the embankment the surface water from the plaintiff’s premises flowed therefrom upon the defendant’s premises, and through the trestlework to the westward. The embankment interrupted this flow of surface water, and caused it to accumulate and stand on plaintiff’s-property. During a severe storm some large stories were washed from the embankment against the plaintiff’s house, breaking the walls thereof, and causing it to be flooded with water. The judgment appealed from awarded the plaintiff $250 for damages sustained prior to the trial, and from and after the period of sixty-days from the date of the service of the judgment enjoined the defendant from the further maintenance of its embankment, except upon the condition that it carie proper means to be taken (such as culverts, sluiceways, side drains, and passages for water, or other proper appliances) to prevent the casting upon the plaintiff’s premises of stones, earth and water, and to prevent the damming up and accumulating by said embankment of surface water upon said premises. The amount awarded to the plaintiff for damages was fully sustained by the proof, and the conclusion was permitted that the injury to the building was primarily caused by the stones and rocks which had been permitted to lie loose upon the embankment, and which, loosened by the rain, rolled therefrom, and broke through the wall of the house. This result was attributable to the negligent and unskillful manner in which the embankment had been constructed and maintained, and for the injury thus inflicted the defendant is liable. There is no ground, therefore, we think, to disagree with the trial court in the disposition made of this branch of the case. We shall therefore confine our consideration of the case to a review of that part of the judgment which enjoined the defendant from maintaining its embankment, except upon the condition that it construct drains to carry off the surface water. As stated by the learned trial judge, the rule of the common and civil law differs as to the right of drainage of; surface waters between owners of adjacent lands, and the decisions. *781 of the courts of the different states of this country are not in harmony upon the question. By- the civil law the question is governed by the law of nature, and the lower proprietor is bound to receive the natural flow of surface waters from the land above him. But by the common law the relation of dominant and servient tenements does not apply between owners of adjacent lands in respect to surface waters, and the lower proprietor may raise the surface of his land, and make ereetions thereon, although the effect thereof may be to obstruct the flow of surface water from the lands above to the injury of the owner thereof. In Barkley v. Wilcox, 86 N. Y. 140, the court of appeals treated this question as an open one in this state, and in an opinion which reviewed many authorities held that the rule of common law was most consonant with the demands of justice and the one best adapted to the conditions of our society. That was an action, however, between private individuals, and at the close of the opinion the court stated that it did not mean to say that there might not be cases which, owing to special conditions and circumstances, should be «exceptions to the rule declared. The learned judge who decided this case was of the opinion that it was one that should be excepted from the operation of this rule. With that conclusion I am unable to agree, as I think it opposed to the decided weight of authority upon the question presented. Nearly all the cases cited by the respondent to sustain the judgment are from the- courts of states where the rule of the civil law prevails, and for that reason need not be referred to. The Missouri cases eited — McCormick v. Railway Co., 70 Mo. 359; Shane v. Railway Co., 71 id. 237 — as well as some earlier cases in that state, were, however, distinctly overruled in the late cases of Abbott v. Railroad Co., 83 Mo. 271, and Jones v. Railway Co., 84 id. 151. The facts of Abbott’s Ciase were very similar to those in the case before us, and the subject was» very fully discussed in the opinion of the court. After reviewing many reported cases in Missouri and other states, the court unanimously held that a railroad corporation, in the absence of negligence and unskillfulness in the construction of its roadbed, was not liable to a landowner for injury from the overflow of surface waters occasioned by the obstruction of the roadbed. The same rule is applied between railroad corporations and adjoining individual owners in Kansas (Railroad Co. v. Hammer, 22 Kan. 763; Railroad Co. v. Riley, 6 Pac. 581), in Nebraska (Morrissey v. Railroad Co., 56 N. W. 946; 57 N. W. 522), in Indiana (Railroad Co. v. Stevens, 73 Ind. 278), in Minnesota (Pflegar v. Railway Co., 29 Minn. 510), in Wisconsin (O’Connor v. Railway Co., 52 Wis. 526; Johnson v. Railway Co., 80 id. 641), in Maine (Greely v. Railroad Co., 53 Me. 200; Morrison v. Railroad Co., 67 id. 353), and in Massachusetts (Walker v. Railroad Co., 103 Mass. 10; Cassidy v. Railroad Co., 141 id. 174). Coming to. our own state, the rule was applied in Waffle v. Railroad Co., 58 Barb. 413, and in Wagner v. Railroad Co., 2 Hun, 633. In the Wagner Case the facts were very similar to the case at bar. The plaintiff’s claim was that the defendant could not lawfully make any embankment on its own land which would *782 obstruct the natural flow of surface water, but was bound, by means of culverts and drains, to provide for the disposal thereof! This claim was overruled, and a judgment in favor of the plaintiff was reversed. I do not deem it essential to a proper discussion of the questions presented to refer to the cases relating to the1 interference with natural water courses, nor to cite further authorities relating to the right of surface drainage between adjoining owners who are private individuals. The authorities upon the-latter question are too numerous to be cited within the limits of an ordinary opinion, and they will be found referred to in the-opinions of the cases I have cited.
I have referred to the cases against railroad corporations exclusively for the purpose of showing that in no instance, before this, case was decided, has it been held that such corporations were to-be deemed exceptions to the general rule of the common law which permits a lower proprietor to obstruct the flow of surface-water from the higher lands surrounding him. I do not think that the special conditions and circumstances alluded to by the court of appeals in Barkley v. Wilcox, supra, had reference to-the character of the owner of the lower estate, or the business-there conducted, but in the character of the formation and use of the surrounding territory from which the surface water should-flow. Palmer v. Waddell, 22 Kan. 352. Such was the opinion-of Chief Justice Beasley, exprested in Bowlsby v. Speer, 31 N. J. Law, 351. After stating the general common-law rule that no-right of any kind can be claimed in the mere flow of surface-water, and that neither its retention, diversion, repulsion, or altered transmission can cause an actionable injury, he said :
“ How far it may be necessary to modify this general proposition in cases in which, in a hilly region, from the natural formation of the surface of the ground, large quantities of water in times; of excessive rain or from the melting of heavy snow, are forced, to seek a channel through gorges or narrow valleys, will probably require consideration when the facts of the case shall present the-question. It would seem that such anomalous cases might reasonably be regarded as forming exceptions to the general rule.”
And in Hoyt v. City of Hudson, 27 Wis. 656, Chief Justice Dixon, after quoting this passage from Judge BEASLEY’S opinion, said:
“ This exception or suggested exception seems sound and just. The rule itself is established in favor of agriculture and the right., of every one to make the most profitable use of his own land. But when, in such exceptional cases, it appears that considerable-tracts of land are drained through ravines or narrow valleys, and would otherwise be submerged or greatly injured by the accumulation ond presence of surface water, so that the rule would operate adversely to the interests of agriculture, and be productive of more harm than good,-it would seem that it ought to give way, or its application be suspended.”
The case of Palmer v. Waddell, 22 Kan. 352, was one of the-[character here mentioned, but the supreme court of that state in Railroad Co. v. Riley, supra, expressly refused to extend the ex *783 ception to a case of the obstruction of an ordinary flow of surface water by a railroad embankment; saying of Palmer v. Waddell, that it was an extreme case, and limited to surface water from hilly regions and high bluffs draining considerable tracts of land through a gorge or ravine. Exceptions founded upon the character of the land seem just, as they limit the operation of the rule-to the obstruction and drainage of waters made necessary by the reasonable use and improvement of the lower estate. But there is nothing in the business of a railroad corporation that should' deprive it of the benefit of the rule where the obstruction is not wanton or unnecessary. Such corporations hold title to their land with the same rights and obligations of ownership as a private individual. It is essential to the proper conduct of the business of a railroad and the safety of the public that the roadbed-should be constructed in a solid and substantial manner, and as-nearly level as possible. This necessity demands that hills be leveled and hollows and depressions filled up, and the stoppage of the flow of surface water necessarily follows. This condition is so well known that it must have been within the contemplation of the legislature in authorizing the creation of such corporations and defining their powers. The omission to impose any obligation upon such corporations in reference to surface drainage other than such as would flow from their ownership of land indicates-quite clearly to my mind that it was not intended that they should form an exception to other landowners in respect to the obligation in reference to the disposal of surface water. If the railroad crossed a gorge or ravine which drained a large territory, a case-would probably be presented which would not be held to be justified in enacting a solid embankment, but would be bound to-construct a culvert, and permit the water to follow its natural channel. But where such conditions do not prevail I think they are-subject to the same rule as applies to the private owner. Moreover, in view of the rule of law prevailing in this state there would be serious objection to compelling the defendant to conduct away the surface water by means of drains, ditches, and culverts. The-rule is quite -well settled that an owner of land cannot, by drains or other artificial means, collect surface water into channels, and discharge it upon the land of his neighbor. Noonan v. City of Albany, 79 N. Y. 475. This is the rule, both of the civil and common law. I do not see, therefore, how the defendant can be compelled to carry off the water that flows from the plaintiff’s lands by means of drains and sluiceways. Where is it to be discharged? Rot on the next lower proprietor, certainly. For such on act the defendant would be liable. Hogenson v. Railway Co., 31 Minn. 224. It is quite plain, I think, that in a jurisdiction where the-common-law rule prevails, it must be applied to all adjoining owners of land, no matter what their character or business, unless-the formation of the territory is such that the role would operate adversely to the interests of a large number of persons. There is nothing in the testimony which brings this case within this exception to the rule, and any injury sustained by the plaintiff which *784 arises solely from the setting back upon her property of surface water must be regarded as damnum absque injuria.
The judgment, so far as it restrains the defendant from main-tainting its embankment in front of the plaintiff’s premises except upon the conditions therein stated, must be reversed. So far as it awards damages for past injury, it is affirmed, without costs.
PRATT, CULLEN, and HATCH, JJ., concur; BARTLETT, J., dissents from that part of the decision directing a reversal.