FRANCIS C. PEAKS, Applt.

*vs.*

COUNTY COMMISSIONERS.

Piscataquis.    Opinion November 18, 1914.

*Appeal.    Constitution, Art. I, Sec. 21.    Damages.    Highway.    Land Taken.*
*Report.    Revised Statutes, Chap. 23, Sec. 53.    Surface Water.    Water.*

1.  Where part of a tract of land is taken for public purposes, by the right of eminent domain, the measure of damages is the injury to the market value of the entire tract by the taking.    It is the difference between the value of the whole tract immediately before the taking, and the value immediately afterwards.

2.  In the assessment of damages for the taking of a part of a tract of land for a highway, it is proper to consider the probability or likelihood that the proper construction of the road will make it necessary to turn the surface water accumulated in the ditches onto the remainder of the tract, in streams or collected bodies, so far as that probability or likelihood may depreciate the market value of the whole tract, but no further.    Such damages are not too remote for ascertainment and allowance.

3.  Revised Statutes, Chap. 20, Sec. 26, which provides that selectmen may construct ditches or drains to carry water away from a highway, affords no remedy to the owner of land which is taken for a highway, for damages by depreciation in value of the tract on account of the probability that surface water collected in the road ditches will be turned onto the land below in streams.

On exceptions by appellant.    Exceptions sustained.

This is an appeal from an award of damages by the County Commissioners in proceedings for the alteration of a highway, on land of appellant.    Upon the appeal, a committee was appointed under the provisions of Revised Statutes, Chap. 23, Sec. 53.    The appellant objected to the acceptance of the committee's report.    His objections were overruled and he took exceptions to said ruling.

The case is stated in the opinion.

*J. B. & F. C. Peaks, C. W. Hayes,* for appellant.

*J. H. Hudson,* for respondent.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.   This is an appeal from an award of damages by County Commissioners in proceedings for the alteration of a highway upon the appellant's land.   Upon the appeal a committee was appointed under the provisions of Revised Statutes, Chap. 23, Sec. 53. At the hearing before the committee, the appellant offered evidence, as the bill of exceptions shows, that "the proposed highway is located for a considerable distance along a steep hillside; that there is a very great water shed between the way and the height of land; that by the nature of the situation, vast quantities of water, occasioned by the melting snows of winter, and during the rainy seasons, must flow down the hillside and be collected in large bodies in the ditches on the upper side of the way; that the only manner by which this water so collected can be disposed of is by allowing it to run off through culverts under the way, and upon the land of the appellant on the down hill side of the way; that in this manner the water collected from a large area will be emptied upon the land of the appellant, not in a well distributed manner, as it flows down the hillside above, but in streams of great volume and velocity; that such streams would do great damage to his land by undermining and uprooting trees, and by making deep ravines; that it would be a physical impossibility for him to prevent by barriers the water from flowing thus upon his land."   The committee refused to consider this evidence as showing an element of damage, and in their report, stated specifically that they did not include in their award damages "for water which shall run upon the land of the appellant from the highway after it is built and opened for travel."   On the coming in of the committee's report, the appellant objected to its acceptance on the ground that the committee had erred in law in refusing to consider the foregoing element of damages.   His objections were overruled and the report accepted. To these rulings of the Court he took the exceptions which are now before us.

The conclusion of the committee must of course be considered in the light of the evidence offered.   The single question is whether in awarding land damages for land taken for a highway across the side of a hill the fact that the surface water which will naturally drain into the ditch on the upper side of the way, and which must be discharged

through culverts onto the land below in streams or collected bodies, may be considered as an element of damage to the land owner below.

The Constitution, Art. I, Sec. 21, provides that "private property shall not be taken for public uses without just compensation." Where only a part of a tract is taken in the exercise of the power of eminent domain, the general rule is that the just compensation which the Constitution guarantees to the owner includes not only the value of the part taken, but also the damages accruing to the residue from the improvement. *Mason* v. *Railroad,* 31 Maine, 215; *Morrison* v. *Bangor & Bucksport R. R. Co.,* 67 Maine, 353; 15 Cyc., 687. The measure of damage is the depreciation of the fair market value of the entire tract by the taking. It is the difference between the value of the whole tract immediately before the taking, and the value immediately afterward.

We cannot resist the conclusion that the existence of such conditions as are described in the evidence offered before the committee, but disregarded by them, does affect the market value of the land, and hence that the evidence was relevant and material. It was so held in effect in *Morrison* v. *Railroad,* supra. In that case, which was an action at common law, the plaintiff sought to recover for an injury to his premises caused by the road-bed of the defendant preventing the accumulations of surface water from passing where they were accustomed to flow. The Court said:—"Undoubtedly the plaintiff was injured by the taking of his land beyond the value of the mere land taken; the injury to the land left, by the use that was to be made of the land that was taken was included in the damages awarded to him; or should have been. They were recoverable in that form." In *Walker* v. *Railroad,* 103 Mass., 10, the Court said:—"The cuts and embankments and necessary gutters of the railroad tracks will unavoidably modify the flow of the surface water, and sometimes cause damage by keeping it back or projecting it in large quantities upon the lands adjoining the road. Injuries to lands from such causes would seem clearly to fall within the class of effects which have been held to afford ground for the assessment of damages under the statute."

This discussion is not concerned with surface water flowing as it was accustomed to do before the taking, nor with water flowing in brooks and natural channels. It is concerned only with surface water prevented by the road from flowing away naturally, and thus artifici

ally collected and turned upon the land below in streams. If such a condition depreciates the value of the land below, the owner is entitled constitutionally to compensation therefor. And we think he must seek his compensation for this injury, as well as for all other injuries, in connection with the assessment of damages in the condemnation proceedings, or not at all. He has no other remedy.

It is common knowledge that in building and maintaining roads it is sometimes necessary to provide for the turning of the water which accumulates in the ditches on to the adjacent land. Towns are required to build roads when located by the County Commissioners. All their necessary acts of construction are therefore lawful, and they are not responsible for the consequences. No action at law lies against a town, or other corporation or person, for acts required or authorized by law, whether necessary or not. *Bangor* v. *Lansil*, 51 Maine, 521; *Greeley* v. *Railroad*, 53 Maine, 200; *Morrison* v. *Railroad*, supra; *Gardner* v. *Camden*, 86 Maine, 377. Damages which may result from lawful and proper acts in constructing a road are not recoverable in an action at law. But the likelihood of such damages being caused thereby may be considered in the assessment under the statute, so far as it affects the value of the land.

It is, however, urged that the appellant should not in this proceeding have damages of the character now claimed, because of a supposed remedy afforded by Revised Statutes, Chap. 21, Sec. 26, which provides that the municipal officers of a town may at the expense of the town construct ditches and drains to carry water away from a highway, when they deem it necessary for the public convenience or for the proper care of the highway; that land damages for the taking of lands shall be assessed and paid, and that the owner or occupant may have an action against the town for damages sustained on account of failure to keep the ditches and drains in repair. But we think it is sufficient to say of this statute that it affords the land owner no remedy for the depreciation of the value of his land by reason of the existence of such conditions as the bill of exceptions says the evidence showed in this case. And in any event, this statute is permissible, not compulsory. It authorizes, but does not require, the municipal officers to build ditches and drains. And they are authorized to do so only when they deem it necessary for public convenience, or for the proper care of the road.

The appellees contend also that damages of this character do not fall within the rule stated, because they are too remote to be regarded as damages,—that the damage may never occur. It may be true that prospective particular injuries cannot be foretold. But the appellant does not seek, and cannot be allowed for, such injuries. He seeks rather to have allowed to him the amount of the depreciation in value of his land on account of the probability and likelihood of injury from the flowage of water as described. Under such weather conditions as we have in this State, it seems certain, upon the evidence offered in the case, that water in streams will be turned onto the appellant's land. How much water will thus flow, and what the consequences will be, are a matter of judgment guided by observation and experience. Their effect upon the value of the land cannot be said to be too remote for ascertainment and allowance.

We have examined the other contentions of the appellees but, in view of the discussion already had, we find no merit in them. Nor is it necessary now to state them in detail. We answer them by holding as we do, that in the assessment of damages for the taking of a part of a tract of land for a highway, it is proper to consider the probability or likelihood that the proper construction of the road will make it necessary to turn the surface water accumulated in the ditches onto the remainder of the tract, in streams or collected bodies, so far as that probability or likelihood may depreciate the market value of the land, but no further.

The evidence offered had a tendency to show such a depreciation and should have been considered by the committee. It being shown on the face of their report that they erred in a matter of law, the report should not have been accepted.

*Exceptions sustained.*