Swift v. Conboy et al.

12   444
101  342

## Swift v. Conboy *et al.*

1. JUDGMENT LIEN: APPEAL. When a judgment is affirmed in the Supreme Court, and a procedendo issues, the lien of the judgment on real estate attaches, and continues from the date on which the judgment was rendered in the court below; but when a new judgment is rendered in the Supreme Court against the appellant and the sureties on his supersedeas bond, the judgment of the court below is merged therein and the lien thereof discharged; that of the judgment of the Supreme Court dating only from the rendering of the judgment in said court.

2. MARSHALING SECURITIES. In a decree foreclosing a junior mortgage, a senior mortgagee may be ordered to exhaust all other property described in the senior mortgage, in the satisfaction of his claim before resorting to that which is described in the junior mortgage.

*Appeal from Johnson District Court.*

SATURDAY, DECEMBER 14.

THE material facts appear in the opinion of the court.

*Sam. H. Fairall* for the appellant.

I. An appeal from the judgment of the District Court to the Supreme Court does not affect a judgment lien. Code of 1851, §§ 2485–2489. The active power of a judgment may be held in abeyance, while its binding or encumbering force remains in effect. Nothing but a satisfaction will cancel the judgment rendered in the District Court. *Parsons* v. *Travis*, 2 Duer 659.

*Edmonds & Ransom* for the appellee, contended that a judgment against the appellant and the sureties on his bond discharged the lien of the judgment rendered in the court below, citing *The Bank of United States* v. *Patton et al.*, 5 How. (Miss.) 200; *Witherspoon* v. *Spring*, 3 Ib. 60; *Archibald et al.* v. *Anderson*, 2 Ib. 852; *Ring* v. *Ferry*, 6 Ib. 513; *Miner* v. *Lancashire*, 4 Ib. 347; *Brown* v. *Clarke*, 4 How. U. S. S. R. 13; *Jones et al.* v. *Peasley*, 3 G. Greene 52; *Davey* v. *Latson*, 6 Cal. 130; *Danforth, Davis & Co.* v. *Carter and May*, 4 Iowa 230.

BALDWIN, J.—The plaintiff filed his petition to foreclose a mortgage executed to him by Conboy and wife. Ostheim & Brothers and J. D. Templin were also made parties defendant, as they claimed certain interests in the mortgaged premises, as judgment creditors of the said Conboy, but which the plaintiffs claimed were subject to his mortgage lien. The plaintiff's mortgage was executed, acknowledged and recorded in 1858. Templin claims, in his answer, to be the assignee of a mortgage executed by Conboy and wife to one Ricord, prior to the date of the mortgage to plaintiff, and upon the same property included in the mortgage to plaintiff as well as upon certain other real estate. It is also claimed by Templin, that he is the owner of three several

judgments obtained against said Conboy in the District Court of Johnson county, prior to the date of plaintiff's mortgage ; and that each of said judgments was a lien upon the real estate of said Conboy and paramount to the lien of plaintiff.

The plaintiff in his replication to this answer of Templin alleged, that in each of the said causes in which judgments had been obtained against said Conboy executions had been issued ; that sufficient personal property had been levied upon by the sheriff, to satisfy said judgments ; that in each of said causes an appeal had been taken to the Supreme Court ; that appeal bonds had been filed and approved and the execution suspended ; that after the plaintiff's mortgage had been executed and recorded, the judgments of the District Court had each been affirmed in the Supreme Court, and judgments there rendered upon such affirmances against Conboy and his several sureties on the appeal bonds.

The evidence introduced upon the hearing in the court below showed the mortgage to have been executed and recorded ; the judgment to have been rendered at the time and in the manner as stated in the pleadings.  Upon this evidence and the pleadings as admitted, the court held, that the lien of plaintiff's mortgage was paramount to the lien of Templin's several judgments.  The lien of the Ricord mortgage, of which Templin was the assignee, was declared prior to that of the plaintiffs.  Templin was, however, required by the decree to exhaust all other property described in his mortgage before resorting to the same property included in the plaintiff's mortgage.

It will be readily perceived that the important and controling question in this case is this, did the lien created by the judgments of the District Court become merged in the judgments rendered upon affirmances in the Supreme Court ; or did the judgment creditor by taking a judgment against the debtor and his sureties in the appeal bond in the Su-

preme Court lose the lien created by the judgment of the District Court?

It is claimed by the appellant that when there has been a judgment once obtained in the District Court, its lien exists or continues until set aside or satisfied; that the effect of the appeal is not to satisfy, but simply to transmit that which is the basis of the judgment to the appellate court without divesting the lien of such judgment; that the liens created by the judgments in the District Court continued from the date of their rendition.

Under § 2485 and 2486 of the Code, judgments of the Supreme and District Courts are made liens upon the real estate of the defendant from the date of their rendition. Sections 1983–84 and 85 provide the manner of staying executions upon a judgment of the District Court, and the conditions and effect of a supercedeas bond. Under § 1986, the Supreme Court, when it affirms the judgment, shall also, if the appellee moves therefor, render judgment against the appellant and his sureties on the bond for the amount of the judgment, damages and costs referred to therein, &c. If execution has issued prior to the giving of the bond above contemplated, the clerk shall countermand the same, § 1987. Property levied upon and not sold at the time of such countermand is received by the sheriff, shall forthwith be delivered up to the judgment debtor, § 1988.

The appellee under the foregoing provision, and under the practice of the Supreme Court, has the right to an order of affirmance only, without a judgment upon the bond, and an order to have the judgment of the court below enforced; or he may take a judgment in the Supreme Court for the judgment below with damages, interest and costs, and not only against the principal but against the sureties in the appeal bond.

There is no provision of our statute making the lien of the judgment thus rendered in the Supreme Court retro-

spective in its character. On the contrary, judgments are made liens only from the date of their rendition, by the express provision of the section above referred to. The filing of the appeal bond, in the manner prescribed by law, stays the execution and suspends the lien of the judgment upon the real estate of the defendant. If an execution has been issued and personal property levied upon, the lien thus created is not only suspended but entirely removed and the property restored to the debtor, so that he can dispose of it at his pleasure.

We are unable to perceive any good reason for giving any greater degree of security to the creditor who has a lien upon real estate than upon personal property, yet we are satisfied from the language used in § 1988, that the property referred to is personal property, as the word, "delivered" would hardly be used in referring to realty.

The lien of the judgment upon real estate is, by the filing of the appeal bond, in the manner above provided, suspended until the determination of the cause in the Supreme Court. If the appellee does not insist upon a judgment upon the bond, in the Supreme Court, but consents to an affirmance, with an order directing a *procedendo* to issue, the lien is reinstated ; or in other words the judgment of the District Court stands as though no appeal had been taken. When, however, the appellee thinks proper to take the benefit of the privilege the statute confers upon him, and takes a new judgment in the Supreme Court, we are of opinion that the old judgment is merged in the new one, and that the lien created by the former is extinguished when the lien created by the latter commences to run.

The cases cited by the counsel for the appellant are not similar to the one before us, and in no case referred to has the doctrine been maintained, that a party could hold the lien created by both the judgment of the inferior and appellate court in the same cause.

The effect of the substituted security and the judgment thereon is more fully discussed in the cases referred to in the Mississippi Reports than in the decisions of any other court. Justice NELSON, in the case of *Brown* v. *Clark*, 4 How. U. S. in referring to the ruling of the courts of Mississippi upon the effect of such judgment upon the bonds, says, " that the original judgment is merged by the new and more comprehensive statutory judgment upon the bond, and the remedy of the creditor limited to the enforcement of this judgment."

The liens created by Templin's judgments in the District Court were suspended by the filing of the supersedeas bonds, and when judgment was rendered thereon in the Supreme Court, the liens were extinguished.

The lien of the plaintiff's mortgage attached in the mean time, and of course became paramount to the lien created by the judgment of the Supreme Court.

We are unable to discover any injustice or hardship in the order of the court requiring the appellant, as the assignee of the Ricord mortgage, to exhaust the property described therein other than that in the mortgage of plaintiff, before resorting to the property covered in plaintiff's mortgage.

The lien of the tax deed is paramount to the lien of the plaintiff and should have been so ordered by the District Court.

The judgment of the District Court is therefore so modified as to make the lien of the tax deed prior in order to the mortgage of plaintiff.

In other respects the judgment is affirmed, but at the costs of the appellee.

Affirmed.