Hamsmith v. Espy, Barker and Robinson.

2. GUAR-ANTY: demand and notice.

Affirmed.

---

HAMSMITH v. ESPY, BARKER and ROBINSON.

1. Judicial sale: CAVEAT EMPTOR. The purchaser at a sale under execution takes only the title or interest of the judgment defendant.

2. —— MOTION TO SET ASIDE. In the absence of fraud the law will not ordinarily relieve a purchaser at such sale who acquires a *defective* title. When seasonably applied for, relief will be granted where the purchaser receives *no* title.

3. —— EQUITY OF REDEMPTION. The courts will not disturb a sale at which the purchaser received an equity of redemption when the evidence does not show that the amount of the prior lien exceeded the value of the property. Rev. 1860, § 3321.

*Motion to set aside sale.*

WEDNESDAY, JANUARY 10.

MOTION TO SET ASIDE SHERIFF'S SALE: CAVEAT EMP-TOR: STATUTORY PROVISION. — This is a motion made in

*this court*, by Hamsmith, to set aside the sheriff's sale to him of lot 32, in Fort Madison, on his execution against Espy, Barker and Robinson. The material facts are these: In June, 1860, Hamsmith recovered judgment against Espy *et al.* in the Lee District Court, for $185.88 and costs. In July, 1860, Espy *et al.* appealed to the Supreme Court and filed a supersedeas bond.

In December, 1860, and *pending this appeal*, one Thomas Wilson recovered judgment in the same court, against the same defendants, for $1,254.36. Afterwards, viz., in June, 1861, the Supreme Court affirmed Hamsmith's judgment and rendered a *new judgment* against the appellants (Espy *et al.*), and sureties in appeal, upon which execution issued from the Supreme Court, which was levied on lot 32 above, as the property of Espy, and this lot was bought in at the sheriff's sale by Hamsmith, September 25, 1861, for $75.

In June, 1863, Wilson levied his execution upon this lot, and the same was sold to one George Wilson for $250.

Plaintiff now makes the motion, to have the sheriff's sale of the lot to him, set aside:

1st. Because his judgment, at the time of the levy and sale, was no lien thereon.

2d. Because, although nominally owned by defendants, the lot was covered by judgments to the full amount of its value, and is wholly unavailable to the plaintiff.

3d. Because, at the time of plaintiff's levy and purchase, these prior judgments were unknown to him.

4th. Because, unless set aside, the plaintiff loses his $75.

This motion is resisted by Espy. Affidavits in support of and in opposition to the motion are filed.

*F. Semple* for the motion.

*Grant & Smith contra.*

DILLON, J.—In making a sale under execution, the sheriff or other public officer professes to sell only the interest or estate of the judgment debtor. He gives no warranty. The law proclaims in the ears of all who propose to buy—*caveat emptor*, and look out, take notice, beware of the title for which you bid. In the absence of fraud, the law will not, ordinarily, relieve a purchaser at such sale, who acquires a *defective* title. It has sometimes relieved in such cases, when seasonably applied for, where the purchaser acquired, by the sale, *no title*. These general principles are well settled in this court. *Dean* v. *Morris*, 4 G. Greene, 312, and cases cited; *Reed & Co.* v. *Crosthwait*, 6 Iowa, 219; *Ritter* v. *Henshaw*, 7 Id., 97; *Cameron* v. *Logan*, 8 Id., 434.

*1. JUDICIAL SALE: caveat emptor.*

*2. —— motion to set aside.*

The statute (Rev., § 3321) gives the purchaser a right to relief in such cases, where "the judgment, on which the executor issued, was not a lien at the time of the levy, and this fact was unknown to the purchaser."

In our opinion the affidavits submitted by the plaintiff do not bring his case within the meaning and design of this section. By these it appears that Espy, the judgment debtor, owned the lot in controversy. This is not disputed. Plaintiff's judgment in the District Court was the first lien. The appeal therefrom was taken before the Revision went into effect, and under the doctrine of *Swift* v. *Conboy* 12 Iowa, 444, the plaintiff, by taking a *new judgment* in the Supreme Court, which was his own voluntary act, lost the lien of his judgment in the District Court. But by his purchase the plaintiff did acquire something, viz., he acquired Espy's equity of redemption. This would entitle him to redeem from the sale under the Wilson judgment, and eventually to acquire the title himself, unless the property was in turn redeemed from him by Espy or some lien creditor. The plaintiff has not made it

*3. —— equity of redemption.*

appear that this equity of redemption was not fully worth the sum of $75, the amount bid by him at the sale. The lot was bid in at the Wilson sale for $250.

The plaintiff has offered no evidence, nor is there any before us, showing the value of the lot. It may be worth both bids, or even both judgments, and, for ought we know, it was and is worth that amount or even a much greater one.

The plaintiff, therefore, has not established the main ground on which his motion rests, viz., that the Wilson judgment covered the full value of the lot, and that he will lose his $75 unless the sale be set aside. For this reason, not to allude to others that might be named, his motion must be denied.

Motion overruled.