JOHN PFLEGAR *vs.* HASTINGS & DAKOTA RAILWAY COMPANY.

December 23, 1881.

Condemnation of Land — Interference with Flow of Surface Water.
If the construction of a railroad across a farm lessens its value by preventing the flow of surface water from one part of the farm to another, this is a proper element to be taken into consideration in fixing the amount of compensation to which the owner is entitled. The rules of law governing rights of adjacent owners, as to the flow of surface water from the land of one on to the land of the other, have no application to such a case.

Appeal—Presumption against Appellant.—It is incumbent upon an appellant to show error prejudicial to himself; and as it does not appear in this case whether the interruption of the flow of surface water complained of consisted in preventing its flow from the land of an adjacent owner upon the premises of respondent, or in preventing its flow from one part of respondent's farm to another part, it will be presumed that the court below was correct, under the facts of the case, in instructing the jury that, if the construction of the railroad interfered with the flow of surface water in such a way as to depreciate the value of the farm, they had a right to take it into consideration.

Appeal by defendant from an order of the district court for Carver county, *Macdonald,* J., presiding, refusing a new trial, after an award by the jury of $1,400 damages to plaintiff in condemnation proceedings. The case was brought into the district court by the defendant, on appeal from an award of $1,263, made by commissioners.

*Bigelow, Flandrau & Squires,* for appellant, cited Angell on Water Courses, § 108 *a; Gannon* v. *Hargadon,* 10 Allen, 106; *Luther* v. *Winnisimmet Co.,* 9 Cush. 171; *Dickinson* v. *City of Worcester,* 7 Allen,

19; *Swett* v. *Cutts*, 50 N. H. 439; *Goodale* v. *Tuttle*, 29 N. Y. 459; *Wagner* v. *Long Island R. Co.*, 2 Hun, 633; *Parks* v. *City of Newbury-port*, 10 Gray, 28.

*L. L. Baxter* and *E. Southworth*, also, for appellant.

*Henry Hinds*, for respondent.

MITCHELL, J.  This was a proceeding instituted by said railway company to condemn certain real property of Pflegar, for the purposes of its road.  The property proposed to be taken consisted of a right of way 100 feet wide across a farm consisting of 400 acres.  The only ground of error urged here is that, in giving to the jury the following instruction requested by the railway company, to wit, "No compensation can be allowed for diverting the flow of surface water," the court erred in qualifying the same by adding:  "If the construction of any permanent embankment interferes with the flow of surface water in such a manner as to depreciate the value of the farm in any way, you have a right to take it into consideration."

The appellant invokes the legal principle that no prescriptive right can be acquired to the enjoyment of the flow of surface water from the lands of another; that the owner of the land from whence the flow of surface water comes may at any time cut it off.  The application of these principles to this case depends upon the correctness of the assumption that the evidence shows that the construction of this railway prevented surface water from flowing, as formerly, from the land of an adjacent owner on to and upon the farm of respondent, and that this was one of the elements of damage for which he claimed compensation.  The testimony fails to show any such state of facts. It leaves it uncertain whether the water referred to was "surface" water, or the overflow of a natural water-course, which, it appears, runs through the farm.  But, even if it be assumed that it was surface water, it cannot be determined from the evidence, as here before us, whether the interruption to its flow complained of consisted in preventing it from flowing from the land of an adjacent owner, or in preventing its flow from one part of respondent's farm to another. If it was the latter, it was a proper element to be considered by the jury, so far as it affected the value of the remainder of the farm. Mills, Eminent Domain, §§ 166, 189; *Morrison* v. *Bucksport & Ban-*

·gor R. Co., 67 Me. 353; *Walker* v. *Old Colony & Newport R. Co.,* 103 Mass. 10.

The legal principles regarding the flow of surface water invoked by appellant have reference only to the right of coterminous or adjacent owners. But where surface water is upon a man's own premises, it is his own, and he can use it as he pleases; and if, by the construction of their road across his land, a railroad company impairs its value by preventing this water from flowing from one part of the land to another, he is entitled to recover. The burden is upon an appellant to make it appear affirmatively that error was committed to his prejudice. For anything that appears in the case, the explanation or modification of appellant's request was entirely correct under the facts of the case. The order denying a new trial must, therefore, be affirmed.

Order affirmed.