## JONES v. BLUMENSTEIN *et al.*

1. **Appeal:** AMOUNT INVOLVED: INTEREST IN REAL ESTATE: COLLATERAL CONTROVERSIES.   An action to quiet title as against a sheriff's deed, on the ground that the property was plaintiff's homestead, "involves an interest in real estate," and therefore this court has jurisdiction of an appeal without a certificate, regardless of the amount involved; and controversies between the appellant and other defendants, being incident to the main issue, must follow the appeal, regardless of the amount involved in such controversies.

2. **Homestead:** ABANDONMENT: EVIDENCE.   What other persons may have said as to the intention of the owner of a homestead to return to it, and what one who purchases it at execution sale believes about it when he purchases, cannot be admitted in evidence against the owner to prove an abandonment.

3. **Judgment:** CAPACITY OF PLAINTIFF: ESTOPPEL.   Where an executor takes judgment in his own name on an account due to the estate, and he collects the amount thereof, and for a legal reason he is required to refund the money, he is estopped from questioning the judgment for the purpose of avoiding personal liability for the money received.

4. **Homestead:** ABANDONMENT: WHAT IS NOT. The absence of a widow from her homestead for eight months to live with and visit her daughter, and care for her during confinement,—the property in the meantime being rented, but the owner's furniture being left therein, except such articles as she desired to take with her for use,—does not constitute an abandonment, in the absence of any evidence of her intention not to return. (See cases cited in opinion.)

5. ———: CEASING TO BE HEAD OF FAMILY: WHAT IS NOT. A widow occupying a homestead does not cease to be the head of the family, and therefore lose her right to the homestead, by the fact that her married daughter and her husband are taken into the house and reside with her.

6. ———: PURCHASE AT SHERIFF'S SALE: CAVEAT EMPTOR: ESTOPPEL. One who purchases a homestead during the owner's absence, knowing that it has long been the homestead, and that the owner has left a part of her furniture in the house, cannot claim that he was so misled by her absence as that she should be estopped from asserting her homestead right. The doctrine of *caveat emptor* applies to such a purchase. (See opinion for citations.).

7. ———: EXECUTION SALE VACATED: PURCHASER'S RIGHT AS AGAINST EXECUTION CREDITORS. Where a homestead was sold in satisfaction of judgments which were not liens on it, and the sale was vacated, the purchaser was not entitled to have assigned to him the judgments which were paid with the purchase money, but he was entitled to have the money refunded to him, with interest, by the judgment creditors who received it. (See Code, sec. 3090.)

*Appeal from Washington District Court.*—HON. D. RYAN, Judge.

FILED, MAY 13, 1889.

THE plaintiff, being the owner in fee of certain adjoining lots, not exceeding five hundred dollars in value, asks to be quieted in her title thereto, as against a sheriff's sale and deed thereof to defendant Blumenstein, on an execution against her in favor of one John Reisman. She asks this relief on the grounds that the property was and is her homestead. The defendant Blumenstein denies that the property was or is her homestead, and alleges that, if it ever was, she abandoned it before the sale to him; that due notice of said sale was given, and that he purchased in good faith, and without any knowledge that plaintiff had or claimed a homestead in the

property; wherefore he says she is estopped from now asserting such claim, and asks for possession, and that he be quieted in his title. The defendant Blumenstein, by way of cross-petition, makes Ellen Reisman, executrix of the estate of John Reisman, deceased, and William Singleman, defendants; and alleges that $72.85 of the money paid by him as the purchase price of said property was received by John Reisman, deceased, and $44.06 by William Singleman, as judgment creditors of the plaintiff; wherefore he prays that, in case said sale and deed are set aside, he recover from said parties, respectively, the sum paid to them, with six per cent. interest, from October 31, 1885, with costs. Singleman, answering, admits that he received sixteen dollars of said money on his own account against the plaintiff, and about eighteen dollars on a claim against her in favor of the estate of William Voss, and that the eighteen dollars has been paid out in the settlement of said estate. Ellen Reisman, executrix, etc., answers, admitting that she is executrix, and denying the other allegations of the cross-petition. She alleges that William Singleman received sixty dollars of said purchase money, and that twenty dollars is in the hands of the clerk of the court; wherefore she asked to be dismissed, or, if held liable, that William Singleman for himself, and as administrator of the estate of Voss, be required to pay his *pro rata* share. On the final hearing, decree was entered setting aside the sale and deed to Blumenstein, and the satisfaction of the judgments, and ordering that the judgments not belonging to Blumenstein be assigned and transferred to him by the clerk of the court; that the plaintiff pay five dollars of the costs; that Singleman and Reisman each pay all costs made by them; and that Blumenstein pay all other costs; to which decree all the parties at the time duly excepted, and the defendant Blumenstein perfected his appeal to this court. Singleman and Reisman each moved to dismiss the appeal, on the grounds that the amount in controversy between them, respectively, and the appellant does not exceed one hundred dollars, and because, as between

them and appellant, no interest in real property is involved, and no question has been certified for the opinion of this court.

C. C. *Patterson*, for appellant Blumenstein.

*Dewey & Eicher*, for Susan Jones and William Singleman, appellees.

C. J. *Wilson*, for Ellen V. Reisman, executrix, appellee.

GIVEN, C. J.—I. The motion to dismiss the appeal must be overruled. The case "involves an interest in real estate." The plaintiff and defendant

1. APPEAL: amount involved: interest in real estate: collateral controversies.

Blumenstein each claim title to the property in question, and each asks to be quieted in that title. The controversy as to the defendants Singleman and Reisman is incident to the main issue, and must follow the appeal.

II. On the hearing, objections were made by plaintiff to certain parts of the testimony of defendants

2. HOMESTEAD: abandonment: evidence.

Blumenstein and Singleman, wherein they stated what other persons had said as to plaintiff's not intending to return to the property at the time she went to North English, and as to what Blumenstein believed about it when he purchased. These statements did not purport to have been made by the plaintiff to third persons, and were therefore inadmissible, and the objections were well taken.

III. Singleman testified, subject to objection, that $16.12 of his judgment against the plaintiff was on his

3. JUDGMENT: capacity of plaintiff: estoppel.

individual account, and $18.89 on account was due to the estate of Voss. If, as indicated in the record, Singleman took judgments in his own name on both accounts, the objection should be sustained ; for he will not now be permitted to question the judgment for the purpose of avoiding personal liability for the money received, and, if he took separate judgments, they are the best evidence of their respective amounts.

IV. The right of plaintiff to be quieted in her title and possession depends entirely upon whether it was her homestead at the time of the sale to Blumenstein. It appears from the testimony that the plaintiff purchased · the property about the tenth of February, 1871, and resided there with her husband until his death, March 8, 1871; that she continued to reside thereon up to August, 1885, —her son-in-law and daughter residing with her for some time prior to August, 1885, they living together as one family; that in August, 1885, Mr. Nettifee, the son-in-law, having found employment at North English, moved to that place, the plaintiff going with them, to be with her daughter during confinement; that they remained there about eight months, when she and her daughter returned to the property in question. At the time that plaintiff left for North English, she rented the property to one Schauff, leaving part of her furniture in the house, and taking such articles along as she would need. The plaintiff testifies that it was her intention to make a visit as long as she wanted, and return home when she pleased. Nettifee testified that he did not move to North English to stay, but took his wife there so he could look after her during her sickness. There is an entire absence of any testimony showing that the plaintiff ever expressed any other intention than to return to the property in question. It is claimed that, by taking the family of her son-in-law to reside in the premises, he, and not she, was the head of the family. Had she continued to reside there alone after her husband's death, her right to hold it as a homestead, under section 1989, would not be questioned. We hold that receiving the family of her daughter into the home, and living as they did, was not an abandonment of the plaintiff's homestead right. It is claimed that her removal to North English was an abandonment of her homestead. As already stated, there is an entire absence of any testimony showing that the plaintiff ever expressed any intention to abandon the homestead, and

there is nothing in the facts and circumstances of her absence to show such an intention, but, on the contrary, they indicate an intention to return and dwell in the property. See *Fyffe v. Beers*, 18 Iowa, 4; *Morris v. Sargent*, 18 Iowa, 90; *Davis v. Kelley*, 14 Iowa, 523; *Robb v. McBride*, 28 Iowa, 386; *Shirland v. Bank*, 65 Iowa, 96.

V. It is also claimed that as due notice was given of the sale, and the defendant Blumenstein purchased in good faith without knowledge of the plaintiff's claim, she is estopped from asserting the claim to the homestead. The doctrine of *caveat emptor* applies to purchasing at sheriff's sales. *Hamsmith v. Espy*, 19 Iowa, 444; *Holtzinger v. Edwards*, 51 Iowa, 384. Blumenstein shows in his testimony that he knew that the plaintiff had resided in the property for eleven years previous, and that she had left some articles there when she went to North English. We fail to see anything in the acts of the plaintiff to justify the belief that she had abandoned the homestead, or was in any wise consenting to the sale thereof, or the disposition of the proceeds.

6. ——: purchase at sheriff's sale: caveat emptor: estoppel.

VI. We are unable to discover upon what theory the court decreed that the judgments not belonging to Blumenstein should be assigned to him. Having set aside the sale, it was proper to set aside the satisfaction of the judgments, so far as the same had been made by applying the purchase money. If the judgments were not a lien upon the property in question because of its being a homestead, and that fact was unknown to Blumenstein, he has a right to have Singleman and Reisman refund the purchase money received by them, under the provisions of section 3090 of the Code.

7. ——: execution sale vacated: purchaser's right as against execution creditors.

The decree of the district court is affirmed in all respects, except in so far as it orders an assignment of the judgments to Blumenstein; and, as there was no finding as to the amount of purchase money received by Reisman and by Singleman, the case will be remanded

for further hearing as to said amounts, and for judg-
ments against Reisman and against Singleman in favor
of the defendant Blumenstein, for the amounts which
it may be found they respectively received, with six
per cent. interest and increased costs ; the defendant
Blumenstein to pay the costs of this appeal.

MODIFIED AND AFFIRMED.