J. E. Painter *et ux.*, Appellees, v. M. A. Steffen *et al.*, Appellants.

| | |
|---|---|
| 87 | 171 |
| 104 | 299 |
| 87 | 171 |
| 118 | 487 |

Homestead: ABANDONMENT: EVIDENCE. The plaintiffs, having a homestead at B., the title to which was in the wife, the husband moved to C. to find a better place for his business, and remained there nearly five years; but it was only a continued experiment, which, at the end of that time, was abandoned, the husband returning to B., and resuming life in the homestead. During these years the wife was only a part of the time with her husband at C., the household goods meanwhile being left in the house at B., which was not rented, but occupied by a daughter and her husband. Before the removal to C., the parties were advised by their attorney that the removal would not be an abandonment of their homestead. After their return they remained in the homestead eleven months, when they both removed to O., where they engaged in the restaurant business, at first as proprietors, and afterwards conducting the business upon shares for the owner. They had resided at O. for about two years and a half, when this suit was begun, but their business at O. was of an experimental and temporary character, and the household goods were still left in the house at B., which was unoccupied, except by a relative who was there only to care for it. The husband registered as a voter, and once or twice voted at O., and they were both enumerated as residents of O. by the "federal census taker," and the wife gave her residence as being at O. in a bill of sale. *Held,* that the fact of taking legal advice as to the effect of the removal to C. was proper to be considered as part of the *res gestæ;* and that the fact did not con-

stitute such an abandonment of the homestead as to subject the property to liability for a judgment against the wife, rendered prior to the removal to C.

*Appeal from Davis District Court.*—HON. E. L. BURTON, Judge.

MONDAY, JANUARY 23, 1893.

THE plaintiffs are husband and wife and judgment debtors to defendant M. A. Steffen. E. B. Kinnick is a codefendant, and is sheriff of Davis county. The judgment against the plaintiffs was entered in September, 1877. At that time the plaintiffs were occupying certain premises in Bloomfield, Davis county, as their homestead, and so continued without dispute till the fall of 1882, at which time the plaintiff J. E. Painter moved his business to Clarinda, in Page county, Iowa, his wife being with him there a part of the time. In April, 1887, the plaintiffs returned from Clarinda to Bloomfield, and occupied the homestead premises again until February, 1888, when they went to Ottumwa, Iowa, where they have since resided. The defendant Kinnick, as sheriff, by virtue of an execution issued on the judgment, levied upon the homestead premises as abandoned, and this action is to enjoin the sale. The issue in the case is as to the abandonment. The district court found in favor of the plaintiffs, and from its judgment the defendants appeal.—*Affirmed.*

*Amos Steckel* and *McElroy & Roberts*, for appellants.

*Payne & Eichelberger*, for appellees.

GRANGER, J.—Some undisputed facts may well be stated at the outset, and we may then inquire how other facts, conceded or determined from the evidence, should affect the result. The plaintiff J. E. Painter

was a shoemaker, residing with his wife on the homestead in dispute in Bloomfield prior to October, 1882, when he moved his shoe shop to Clarinda, and commenced work there, employing one H. H. Hunter, who went with him from Bloomfield. He remained in Clarinda till April, 1887, when he moved his shop back to Bloomfield. During part of the stay in Clarinda, Painter and Hunter "batched it" in a room back of the shop. Afterwards Mrs. Painter was there part of the time; and after she first came, in January, 1885, two rooms "across from" the shop were occupied for living purposes. These rooms also were very meagerly furnished. Mrs. Painter was there part of the time and part of the time at Bloomfield. When there she cooked for them, and when absent Painter and Hunter cooked. The furniture in the homestead was not removed, Mrs. Painter taking only her trunk to Clarinda. During the absence at Clarinda the house at Bloomfield was not rented, but occupied by a daughter of the plaintiffs and her husband, they using the furniture left there by the plaintiffs; and Mrs. Painter, when not at Clarinda, occupied the house with them. After the return from Clarinda in April, 1887, the plaintiffs occupied the homestead, and J. E. Painter pursued his trade as a shoemaker till March, 1888, when they both went to Ottumwa, and engaged there in keeping a restaurant. After one year they sold the restaurant to their son-in-law, George Bryce, since which time Mr. and Mrs. Painter have "run it" for Bryce, receiving therefor part of the profits. The household goods have never been removed from the house in Bloomfield, the plaintiffs living in the restaurant, which they first bought and then sold to Bryce. This suit was commenced on the twenty-fifth day of August, 1890, at which time the plaintiffs continued to reside in Ottumwa.

The appellants, in argument, as indicative of an intention to abandon the homestead, unite the time of

absence in the two removals, and urge an absence of nearly eight years. Such, to our minds, is neither the logical nor the equitable method of considering the question. The times of absence by the two removals are without relation to each other as bearing upon the question of abandonment. It is not as if the first absence had been continued by a removal from Clarinda to Ottumwa, without a return to and occupancy of the homestead. Of course, the two acts, and the particulars thereof, may have a bearing on the question of a purpose to change their place of residence and surrender the homestead character of their place at Bloomfield. After the return from Clarinda, what was the situation during the eleven months they occupied the home? If the absence at Clarinda was not an abandonment, then the homestead was intact after the return and during the occupancy, and that absence would in no way show an intent of abandonment in going to Ottumwa. To our minds, the removal to Clarinda was a mere experiment, to see if it was a place where they could work up a business to support the family. The evidence shows quite conclusively that his business was dull at Bloomfield, and he was attempting to find a better place; and it may be conceded that it was his intention to remove to Clarinda if the business enterprise there proved a success. It was not, and it is very manifest that there never was a time when there was a purpose to establish a home at Clarinda, or abandon that at Bloomfield. All the time during the four years the Bloomfield home was kept with the household goods in it, and the living at Clarinda was, in its every aspect, a mere temporary expedient. Added to this is the fact that before going to Clarinda the parties took legal advice to know if such an absence would be an abandonment, and were advised that it would not, if there was a good-faith intention to return. This advice, taken at the time of the act, is proper to be

shown as a part of the *res gestæ*, and is quite significant.

As to the abandonment by removing to Ottumwa, we may especially notice some of the propositions asserted by the appellants in support of it.   It is very manifest that the business of the plaintiffs at Bloomfield was such that they were desirous of finding some better locality for its prosecution, and we incline to the view that, if such a place were found to their satisfaction, it would be made their home.   There is little room to doubt that they went to Ottumwa as an experiment in that direction.   At the commencement of this suit they had been in Ottumwa a little more than two years and a half.   On going to Ottumwa, they engaged in business by the purchase of a restaurant as a result of a previous arrangement.   After one year the restaurant was sold, and since that they have been running it for one half the profits.   Their present employment seems to be temporary.   The house at Bloomfield is unoccupied except that the mother of Mrs. Painter has been in it for a short time, but only to care for it.   The furniture of the plaintiffs is still in the house, and there used.   The strongest point urged in support of the abandonment is one that Mr. Painter, since being at Ottumwa, has registered under the law for voting, and has voted there one or more times.   Were he the only party in interest, we might regard such acts as conclusive against him, for they are quite, if not absolutely inconsistent with a purpose to retain his residence at Bloomfield.   It appears, however, that the wife had no knowledge of these acts, and the title to the house and lot in Bloomfield is in her.   This latter fact is, perhaps, of no special moment, as the husband can not, by his acts, divest the wife of her homestead rights.   *Lunt v. Neeley*, 67 Iowa, 97.   See, also, *Bradshaw v. Hurst*, 57 Iowa, 745.

Importance is attached to the facts that Painter

and wife were enumerated by the "federal census taker" in 1890 as residents of Ottumwa, and that Mrs. Painter, in 1889, in a bill of sale, gave her residence as Wapello county. Just how these instances occurred does not appear. Unless the parties directed the entries under a belief that it was important, in that connection, that a distinction between a permanent and temporary residence should be observed, the facts are of very little moment in determining a question of homestead abandonment. To notice all the facts urged by the appellants showing an abandonment would extend an opinion to an unwarrantable length. Our conclusion is, in view of the unmistakable facts that the homestead was especially preserved for occupancy, and quite often returned to during the absence at Ottumwa, by the wife, and nothing in the nature of a permanent home established elsewhere, together with the temporary character of the employment of Ottumwa, that the homestead was not abandoned.

The case is not as strong in its facts in favor of the appellants as is *Repenn v. Davis*, 72 Iowa, 548, or *Bradshaw v. Hurst, supra*. The conclusion in *Repenn v. Davis*, is quite significant in this case. It will be seen that in that case also there was a necessity to seek another place to engage in business. There was an absence from the house as to occupancy, except a room for storing goods, for about seven years, and the significant feature is that the presumption of abandonment that would otherwise arise from the long period of absence was "overcome by the fact that they retained possession of a part of the house and lot, and kept there a part of their household goods." It is then said: "They had not wholly abandoned the property, and their occupancy of a part of it imparted notice to the world of their right thereto." Especial importance seems to be attached to this particular fact of a partial possession. How much stronger is the case at bar in

this respect?   In this case the  entire possession of the premises was retained, and the household goods left there as they were  at the time of the occupancy.   In this situation the wife, during the two years and a half of absence, returned to the homestead occasionally. To our minds, there has been, on the part of the wife, a manifest intention throughout not to abandon her homestead.   That they may have intended, should a suitable situation be found, to then abandon it, would not be sufficient.   The law and the courts, in a judicious care of homestead rights, will not decree a forfeiture thereof merely because of a contingent purpose to change in the future.   The  case of *Perry v. Dillrance*, 86 Iowa, 424, differs from this as to its facts.   The facts undisputed in that case were such as to justify a serious doubt, if not absolute disbelief, of the statements of the wife as to her intention to return to the homestead. Opposite conclusions are often reached upon somewhat slightly different facts.   The cases turn upon a conviction, under the evidence, of the intention to abandon, and, of necessity, each case must depend upon its particular facts.

The judgment of the district court is in accord with our conclusion, and it is AFFIRMED.