NETTIE REESEMAN v. W. J. DAVENPORT, Sheriff, and C. J. CARTER, Appellants.

**Homestead:** ABANDONMENT. A woman who married and went to another county to live with her husband on a farm leased by him, leaving most of the household goods on the homestead and with intent to return to it, the return actually occurring in about five months, does not render the homestead liable to sale on execution, by such removal. *Van Doran v. Marden*, 48 Iowa, 186, *distinguished.*

*Appeal from Union District Court.*—HON. W. H. TED-FORD, Judge.

THURSDAY, DECEMBER 12, 1895.

On May 22, 1894, plaintiff brought this action in equity to enjoin the defendant sheriff from making a sheriff's deed for certain real estate to the defendant Carter, and to declare that the judgment upon which the sheriff sold the property is not a lien thereon. Decree was entered in favor of the plaintiff, from which the defendants appeal.—*Affirmed*.

*James M. Locke* for appellants.

*Sullivan & Sullivan* for appellee.

Given, C. J.—I. The property in question is a dwelling house and lot in the town of Creston, Union county, Iowa. The defendant Carter, being the owner of a judgment against the plaintiff and another, caused an execution to issue thereon on the twentieth day of September, 1893, and to be placed in the hands of the defendant Davenport as sheriff. The sheriff levied upon said house and lot as the property of plaintiff, and sold the same under said execution to the defendant Carter. Plaintiff claims that said property was exempt to her as a homestead, and that said judgment was not and is not a lien thereon. It is conceded that plaintiff had occupied said property as her homestead, and that it was exempt to her as such, for a number of years prior to October 5, 1893. The sole contention is whether, by reason of the facts, she lost her homestead right in said property prior to the time of said execution sale. The facts shown in the evidence are in substance as follows: Plaintiff owned, and for a number of years prior to October 5, 1893, occupied, said property as her homestead. On that day she was married to one Aron Reeseman, then and for some years prior a resident of Cass county, Iowa, and who had never been a resident of Union county. In July, 1893, Mr. Reeseman leased a farm in Cass county for a period of one year commencing March 1, 1894. Prior to their marriage it was agreed between Mr. and Mrs. Reeseman, as a condition of their marriage, that when married the plaintiff would go and live with him on said farm until the expiration of the lease, and that at that time they would return, and thereafter reside on plaintiff's said property in Creston. In pursuance of that agreement they went to his home in Cass county

a few days after their marriage, and were living there at the time of the sale of the property under the execution. At the time of leaving her home in Creston the plaintiff left all her household goods in the house, "except a few things I took with me in my grip." She afterward took from the house to Cass county "a center table, lounge, and two pictures. I left in Creston, bed, bedding, stove, carpets, chairs, rocking chairs, pictures, and everything stored in my house. I left them in that condition because I intended to come back here and live. I left in October, 1893, and came back the last of April, 1894." The evidence shows that it was the intention of Mr. Reeseman to come to Creston, and reside with his wife, by the first of January, 1895, or as soon as he got his crops taken care of.

II. Section 1988 of the Code is as follows: "Where there is no special declaration of the statute to the contrary, the homestead of every family, whether owned by the husband or wife, is exempt from judicial sale." The exemption is to "every family," and not to the "head of a family," as in section 3072, exempting certain personal property. *Van Doran v. Marden*, 48 Iowa, 186, and other cases are cited by appellants, holding to the effect that a woman entitled to certain personal property as exempt to her as the head of a family, under said section 3072, on being married ceased to be the head of the family, and was, therefore, no longer entitled to the exemption. These cases are not in point, as the exemption in question is not to the plaintiff as the head of the family. The fact of plaintiff's marriage did not terminate her rights to the homestead, but the fact of her marriage is proper to be considered in determining whether there was abandonment of the homestead. Appellants cite other authorities to the effect that the domicile of the wife follows that of the husband, and they contend that, as Mr.

Reeseman was a resident of Cass county, Mrs. Reeseman became a resident of that county also upon her marriage, and that thereby she lost her right of homestead. Her right to hold the homestead does not necessarily depend upon the place of her residence. It has been held uniformly and many times by this court that one having a homestead does not lose it by going to reside elsewhere temporarily with the intention of returning to occupy the homestead as such. Of the many cases we refer to *Bradshaw v. Hurst*, 57 Iowa, 745 (11 N. W. Rep. 72), and the following more recent cases: *Boot v. Brewster*, 75 Iowa, 631 (36 N. W. Rep. 649); *Jones v. Blumenstein*, 77 Iowa, 361 (42 N. W. Rep. 321); *In re Whited's Estate*, 87 Iowa, 513 (58 N. W. Rep. 30); *Morgan v. Rountree*, 88 Iowa, 249 (55 N. W. Rep. 65). Plaintiff did not lose her homestead right by reason of her marriage, nor by her removal to Cass county, if that removal was temporary, and with the intention of returning to and reoccupying the homestead as such. That such was the intention is testified to by both Mr. and Mrs. Reeseman, and is fully corroborated by the circumstances. That such was the intention is undisputed in the evidence. We think the decree of the district court is in accordance with the law and the facts, and it is therefore *affirmed.*