---

In re POPE.

(District Court, S. D. Iowa, C. D. January 10, 1900.)

1. BANKRUPTCY—EXEMPTIONS—HOMESTEAD—ABANDONMENT.

Under the laws and judicial decisions of Iowa relating to homestead exemptions, a bankrupt will be entitled to have his homestead set apart to him as exempt, although he has, for several years past, leased it to third parties, instead of occupying it himself, provided he has not abandoned the property as a home, but has always intended to resume his occupancy of the premises at some future time.

2. SAME.

Where a married woman held title to a homestead in her own right, and she and her husband occupied it as a home until they were divorced, the decree of divorce making no provision as to the homestead, after which

she leased it to strangers, but without abandoning her intention to resume her occupancy of it at some future time, and she becomes bankrupt, she will be entitled to claim the homestead as exempt, notwithstanding the provisions of a state statute (Code Iowa, § 2973), giving the right of homestead "to the party to whom it is adjudged in a decree of divorce, during continued personal occupancy," as that statute refers only to cases in which the right to occupy the homestead is fixed by such a decree.

In Bankruptcy. Submitted on petition to review ruling of referee in bankruptcy.

Dudley & Coffin, for trustee.

James C. Hume, for bankrupt.

SHIRAS, District Judge. This case is submitted to the court upon the facts found and reported by the referee, and the question for determination is whether the referee ruled rightly in holding that the bankrupt is entitled to hold, as exempt, the premises, consisting of a house and lot in Des Moines, which she claims as a homestead. It appears that the title to the property is in the bankrupt, and has been since October, 1895, and that the money used in erecting the house was furnished by the bankrupt; that the bankrupt and her husband, John M. Pope, began to occupy the premises in August, 1893, as a homestead; that in November, 1895, the husband and wife separated, and in April, 1896, the wife, being the bankrupt, obtained a decree of divorce from her husband, the decree being wholly silent as to the homestead rights of the parties. In March, 1896, in order to make provision for the taxes accruing on the property, and to meet the interest coming due on a mortgage upon the property, the bankrupt rented the premises for one year, not intending to abandon the premises as a homestead, but with the intent to resume the occupancy thereof, leaving in the house part of her furniture; and this intent she has not changed, although she has continued to rent the premises to the original tenant. It also appears that the bankrupt has no children, but has dependent upon her her mother, whom she supports, and who at times has lived with her daughter in the premises claimed as a homestead. The referee found, as a matter of fact, that the bankrupt, in renting the premises, did not intend to abandon the premises as a home, and still has the purpose to return thereto, and therefore held that she was entitled to have the premises set apart to her as a homestead, under the provisions of the Code of Iowa (section 2972), which enacts that "the homestead of every family, whether owned by husband or wife, is exempt from judicial sale, where there is no special declaration of statute to the contrary." In construing this section, it has been uniformly held by the supreme court of Iowa that a temporary removal from the homestead, and renting it to third parties, would not be deemed to be an abandonment of the homestead, if the party having the homestead right intended to return to the premises, and resume the occupancy thereof. Fyffe v. Beers, 18 Iowa, 4; Davis v. Kelley, 14 Iowa, 523; Morris v. Sargeant, 18 Iowa, 90; Bradshaw v. Hurst, 57 Iowa, 745, 11 N. W. 672; Dunton v. Woodbury, 24 Iowa, 74; Jones v. Blumenstein, 77 Iowa, 361, 42 N. W. 321; Painter v. Steffen, 87 Iowa, 171, 54 N. W. 229.

In the light of the doctrine laid down in the cases cited, and in view of the facts found by the referee which are not contested, it is clear that the referee ruled correctly in holding that the premises, having been the homestead of the husband and wife, did not cease to be homestead of the wife, simply because she left them for a time intending to return thereto, nor would they cease to be her homestead because her husband abandoned her. Woods v. Davis, 34 Iowa, 264. It is not within the power of the husband to deprive his wife of her homestead rights, especially in property of which she holds the title in her own right. It is contended by counsel for the trustee that these rules, which were established under the Code of 1873, canno᛫ be held applicable to a divorced woman; for the reason that in section 2973 of the Code of Iowa, now in force, it is enacted that "a widow or widower, though without children, shall be deemed to be the head of a family, within the meaning of this chapter, while continuing to occupy the real estate used as a homestead at the death of the husband or wife, and such right shall continue to the party to whom it is adjudged in a decree of divorce, during continued personal occupancy." As already stated, the decree of divorcement granted to the bankrupt contained no statement about the homestead, and therefore the bankrupt cannot base a right to the homestead upon the provisions of that decree. There may be cases wherein the title to the homestead is in one of the parties, and the court deems it proper to assign the homestead to the other, and in such cases the decree would be the l᛫sis upon which the right to occupy the premises after the divorce would be founded. This provision of the statute was intended to cover this class of cases, and its purpose is to enact that where, in divorce proceedings, the right to occupy the homestead premises is conferred, the right thus decreed will continue to exist only so long as the party to whom it is decreed actually occupies the premises. Thus, in cases wherein the title and actual ownership of the realty constituting the homestead is in the husband, the court may in the divorce decree award to the wife the right to occupy the premises as a homestead, but to maintain the right, thus granted, against the husband, the wife must continue to personally occupy the premises. If the contention on part of the trustee is sustained, it would, in effect, construe the statute to mean that a husband and wife, while being together, have the right to temporarily leave the homestead, renting the same to third parties, and creditors cannot subject the property to judicial sale; but that if the husband abandons the wife, leaving her, perhaps, with a family of children to support and care for, and the wife obtains a divorce from the husband, then, although the title to the homestead property is in the wife, in order to save the property as a homestead she must continuously occupy it. There can be no reason assigned why the rights of the creditors should be enlarged as against a woman left to struggle to support her family, under such circumstances, over what they would be if the husband and wife had not separated, and I do not believe that the state legislature intended to thus increase the burden upon the woman left to struggle alone over what it would have been if the husband had properly performed his duties in the marital relation. In the case

now before the court, the bankrupt's homestead right was not created by the decree of divorce, nor is it affected thereby. The right is derived, not from the terms of the divorce decree, but from the fact that she is the owner of the property, and that the character of a homestead was fully impressed thereon by the use and occupancy of the premises as a home by herself and her husband, and, as she has never in fact abandoned the premises as a homestead, she is entitled to hold the same as exempt as against the creditors represented by the trustee. The ruling of the referee is therefore affirmed.