U. G. BOYER v. J. B. DAGUE, Appellant.

**Homestead:** ABANDONMENT: EVIDENCE. Absence of a family from the state for a period of four years and with no definite time for returning will not constitute an abandonment of the home-

stead, where all the other proven circumstances are consistent with the testimony of both the husband and wife of a continued purpose to return and resume the occupancy of the same.

*Appeal from Clarke District Court.*—Hon. Thomas L. Maxwell, Judge.

Tuesday, February 13, 1912.

The South Side Lumber Company recovered judgment for $172.61 against the plaintiff, U. G. Boyer, April 27, 1903, and on June 18, 1910, this judgment was assigned to the defendant, J. B. Dague, who, on July 2 following, caused execution to issue, be levied on lot 35, Sigler's addition to the town of Woodburn, and advertised for sale. In this suit begun August 9, 1910, the plaintiff prays that such sale be enjoined for that, as is alleged, the lot with house thereon is his homestead and exempt from sale under said execution. Decree was entered as prayed. The defendant appeals.—*Affirmed.*

*O. M. Slaymaker,* for appellant.

*Hedrick & Touel,* for appellee.

Ladd, J.—The plaintiff acquired the lot in 1897 and erected a dwelling house thereon in 1901. From that time, until February 13, 1906, he and his family, consisting of a wife and three minor children, occupied the same as their homestead. On the day last named, plaintiff, who was a carpenter, departed for Ossawatomie, Kan., where he has been employed since in the shops of the Missouri Pacific Railroad Company. His family followed in April, 1906, and neither he nor his wife and children returned prior to the issuance of an execution on the judgment entered in 1903 and owned by defendant, Dague, which was levied on the house and lot in July, 1910. Was

the property still his homestead, or had it been abandoned as such?

The evidence that plaintiff went to Kansas solely because of obtaining better wages, and with the purpose on his part, as well as that of his wife, to return and again live on the premises in controversy, is undisputed. Before leaving, he consulted an attorney as to whether doing so would subject the homestead to the payment of this judgment, and while in Kansas he declined to participate in elections because of claiming his residence in Woodburn. He did not acquire real estate elsewhere, nor offer that in controversy for sale, and both he and his wife have continued their membership of the Woodburn Church. A stove and some other articles were left in the house, but all seem to have disappeared. The premises were rented until the fall prior to the hearing, but not since, and are. not in repair. According to their testimony, plaintiff and his wife had intended to return to their former home in 1909, but remained in Ossawatomie to enable their oldest daughter to complete her high school course, and, though insisting upon their purpose to resume the occupancy of the premises as a home, can not definitely say when this will be, otherwise than when "business opens and conditions will warrant," and at any rate as soon as the girl of nineteen years and the boy of fifteen years finish high school. Aside from the mere absence from the alleged homestead of more than four years with no definite time for returning, there is no evidence of abandonment. All other circumstances are entirely consistent with the testimony of both husband and wife of a continued purpose on the part of both to resume the occupancy of their home at Woodburn, and, under the previous decision of this state, there is no escape from the conclusion that the absence is to be regarded as temporary and their homestead rights in the property protected. *Bradshaw v. Hurst,* 57 Iowa, 745; *Boot v. Brewster,* 75 Iowa, 631; *Repenn v. Devis,* 72 Iowa,

548; *Painter v. Steffen*, 87 Iowa, 171; *Robinson v. Charleton*, 104 Iowa, 296; *Rand Lumber Co. v. Adkins*, 116 Iowa, 242; *Benbow v. Boyer*, 89 Iowa, 494. See *Bunker v. Paquelte*, 37 Mich. 79.

The facts of the decisions relied upon by appellants differ so much from those of this case that it is unnecessary to review them. We are content with the conclusion of the trial court, and its decree is *affirmed*.