U. G. BOYER, Appellee, v. J. B. DAGUE, et al., Appellant.

**Homestead**: ABANDONMENT: JUDGMENT: CONCLUSIVENESS. A finding
1   that absence of a judgment debtor from his homestead, though for a considerable period of time, was temporary and not such as to constitute an abandonment of the homestead is conclusive on the question of abandonment prior to the date of such finding.

**Same**: ABANDONMENT: EVIDENCE. Where there is a fixed and specific
2   intent to return to a homestead at some future time, although the time is dependent upon future circumstances, the absence under such conditions will not constitute an abandonment. In the instant case an abandonment is not shown.

**Same**: ABANDONMENT: PRESUMPTION. Long continued absence from
3   a homestead may raise a presumption of abandonment, but such presumption is not conclusive.

*Appeal from Clarke District Court.*—HON. THOMAS L. MAX-
WELL, Judge.

FRIDAY, OCTOBER 23, 1914.

PROCEEDING to subject certain real estate to an execution. Claim of homestead and former adjudication. From a decree dismissing his application for a modification of a former decree, the defendant appeals.—*Affirmed*.

*O. M. Slaymaker*, for appellant.

*W. S. Hedrick*, for appellee.

WITHROW, J.—I. The appellant is the owner of a judgment against U. G. Boyer, the appellee, secured in the district

court of Clarke county in April, 1903. An execution was issued and caused to be levied on certain real property in the town of Woodburn. Thereupon this appellee brought proceedings to restrain the enforcement of the judgment against the property which had been subjected to the levy, on the ground that he was a resident and citizen of Iowa, the head of a family, and that the property was exempt to him as a homestead. Issue being taken, there was a trial, resulting in a decree finding the property to be a homestead and enjoining its sale under execution. From this decree which was entered in the February, 1911, term of court, an appeal was taken to this court, resulting in an affirmance of the case on its merits February 13, 1912. *Boyer v. Dague,* 154 Iowa, 67.

On February 21, 1912, which was eight days after the decision by this court, the appellant filed in the district court in the original case an application for a modification of the original decree, stating as grounds therefor changed conditions as follows:

This defendant alleges that on the trial of said cause it appeared that the plaintiff was a railroad carpenter, working for the Missouri-Pacific Railroad Company, in its shops at Osawatomie, Kan.; that he, together with his family, were living at such point, and had been since February 13, 1906, but he at such time testified that he was only there temporarily, and that he expected to return to Clarke county, Iowa; that said cause was tried in February, 1911, and more than a year has now elapsed since that time, and the said plaintiff has made no effort to return to Clarke county, and this defendant alleges and charges that he never intends to and did not intend to at the time he so testified, but so testified for the purpose of inducing the court to determine the cause in his favor.

This defendant alleges that, if the plaintiff did, at that time, have such intention, he has since abandoned the same, and he has ceased to be a resident and citizen of Clarke county, Iowa, and the property in controversy is liable to execution, and therefore his judgment is, and should be, a lien thereon.

The plaintiff, this appellee, denied generally the averments of the supplemental pleading, and pleaded a former adjudication of the case. Hearing was had in the district court, resulting in a decree that the property was the homestead of the plaintiff, and dismissing the application for a modification of the original decree. From that order this appeal is taken.

II. In the trial of the original case it appeared that the plaintiff with his family were living at Osawatomie, Kan., solely because of obtaining better wages, and with the purpose on his part to return with his family and live on the premises in controversy. While the absence was a prolonged one, extending over several years, it was then found and determined that it was not such as to constitute an abandonment of the homestead, but could, under the facts, only be construed as a temporary absence. That finding was conclusive against the parties at least up to the time covered by the trial of the case in the district court. *Hempstead v. Des Moines,* 63 Iowa, 40; *Gaslight Co. v. Keokuk,* 80 Iowa, 137. We therefore cannot now inquire into conditions covered by that decree, excepting as they may shed light upon the subsequent conditions relied upon as showing an abandonment of the homestead since the original finding.

1. HOMESTEAD: abandonment: judgment: conclusiveness.

A careful examination of the record discloses no material difference in the testimony introduced in this hearing and that of the former trial. Indeed, depositions used at the former hearing, and transcript of the testimony of some witness there used, were introduced at this hearing. Witness testified as to the condition of the property, in being out of repair, and at times unoccupied, as tending to show abandonment, but varying in no material degree from that formerly shown. The plaintiff, Boyer, testified as to his absence with his family in Kansas, of being in debt before leaving Iowa, of his employment in Kansas at better wages, of his desire and effort to put his children through the high school, and of his intention

2. SAME: abandonment: evidence.

to return to Iowa when he is financially able and the children are educated. It is shown that he never has voted in Kansas, and that when at different times requested to do so stated that he was a. resident of Iowa and that he was temporarily in Kansas. These facts were also before the court at the former trial. Really the only claim of difference in the record of the two hearings is that the property has only been occupied a part of the time since the former trial, is in about the same condition it then was, and that the plaintiff has no definite or fixed time for his return to Clarke county. As to the former claim, while such evidence is proper as a circumstance tending to show an abandonment, it varies so slightly from that introduced at the first trial as to afford no substantive grounds for holding it to be a new fact. As to the latter, distinction must be kept between a fixed intent to return and a fixed time for returning. If the intent is fixed and specific to return at some future time, the length being dependent upon future conditions, such would not be an abandonment. *Rand Lumber Co. v. Atkins,* 116 Iowa, 242.

While long-continued absence without occupancy has been held by this court to possibly cause a presumption of abandonment, such may be overcome. *Repenn v. Davis,* 72 Iowa, 548. That it was overcome in the present case is the result of the former judgment, and the present record affords no proper basis for a change in that finding.—*Affirmed.*

3. SAME: abandonment: presumption.

LADD, C. J., and DEEMER and GAYNOR, JJ., concurring.