E. H. ELAND, Appellee, v. HARLEY CARTER, Appellant.

No. 40584.

JUNE 20, 1931.

Ralph H. Munro, for appellant.

Richard C. Leggett, for appellee.

MORLING, J.—On February 24, 1921, in the case of McClain v. Roberts, judgment for $20,368.11 in favor of O. M. and Lavina Roberts against F. W. McClain on vendor's cross petition for specific performance was entered in the Jefferson district court. On March 7, 1921, McClain appealed and with defendant Harley Carter as surety gave supersedeas bond which was approved March 8, 1921. The land in controversy was then owned by McClain. On May 15, 1922, McClain conveyed to the present plaintiff, who knew nothing about the suit or judgment against McClain "until after I (plaintiff) paid him the money." Opinion modifying and affirming the judgment was handed down April 8, 1922, (McClain v. Roberts, 194 Iowa 1026). On January 19, 1923, decree was entered in this Court finding "that the decree of the district court should be modified and the contract of plaintiff for the purchase of the land of the defendant should be enforced only to the extent of 126½ acres" and adjudging that McClain pay into the district court $15,134.50, with interest, and "if plaintiff shall fail to perform as required herein, then, in that event, judgment shall be entered and be deemed to have been entered as of this date for the sum of $34,685, with interest, * * * less the amount owing on the mortgage heretofore referred to and also against the sureties on his supersedeas bond, R. T. McClain and Harley Carter. * * * Should he perform, however, no judgment shall be entered, and his supersedeas bond shall be deemed fully satisfied. * * * This decree is entered in the Supreme Court in lieu, place and stead of that entered in the district court, which is hereby superseded and set aside. The cause is remanded to the district court for an accounting of rents and profits since March 1, 1920." It is stipulated "that on or about the 26th day of September, 1923, final judgment and decree was rendered in said cause." This

latter judgment was spread upon the district court record. The lien index of this judgment shows "date of lien October 20, 1923, amount $24,835.79, costs $186.49." A second appeal was taken and judgment affirmed November 11, 1924. Defendant Carter was not represented in the case in this court, had no knowledge that the new judgment was being taken. He paid the judgment and took an assignment of all the judgment creditors' "rights, titles and interest in and to a certain judgment in the district court of Jefferson County, Iowa, as affirmed by the Supreme Court of Iowa."

Defendant says in argument, "The sole question in this case is whether or not by taking a new judgment in the Supreme Court the creditors had the right to and in fact did release the lien of the judgment of February 24, 1921, in so far as the rights of the surety are concerned without his knowledge or consent * * * It is the contention of the defendant that at the time he signed the supersedeas bond * * * he had the absolute right to have the lien upon all of the real property then belonging to said F. W. McClain, and upon which the said creditors, O. M. and Lavina Roberts, then had a valid and subsisting lien, preserved for his benefit, in the event he was at any time compelled to pay any part of said judgment." The McClain-Roberts suit was in equity and tried de novo in this Court. A new judgment was entered in this Court "in lieu, place and stead of that entered in the district court, which is hereby superseded and set aside." Likewise a new judgment was entered in the district court.

In Swift v. Conboy, 12 Iowa 444, it was held that when a new judgment is rendered in the Supreme Court against appellant and sureties on supersedeas bond the judgment of the court below is merged therein and the lien thereof is discharged; that the lien of the judgment in this Court dates only from the rendering thereof.

Bankers Surety Co. v. Linder, 156 Iowa 486, in which Swift v. Conboy, 12 Iowa 444, was distinguished, was a suit by the surety on a supersedeas bond against the creditor in a judgment which by its terms was made a special lien upon particularly described land in which he was decreed to have a vested interest. The judgment debtor represented to the surety that he owned the land on which the judgment was thus made

a special lien. After the judgment debtor's death the judgment creditor and her children produced a deed ante-dating the judgment purporting to convey the land to them. This Court said:

"If the lien of the original judgment has been extinguished, it was due to Mrs. Linder's (judgment creditor's) act and to her alone. Ordinarily, if a creditor does anything which releases a security held by her, she, to that extent, releases a surety. As she was pursuing a statutory remedy, it may be that she did not release the plaintiff as surety; but if that be true the original lien must be preserved to the surety by relation back to the situation when he became a surety. Mrs. Linder must take one horn or the other of this dilemma. Either the lien is preserved, and is as potent for plaintiff to-day as it was when it became a surety, and with the same force and effect as if Mrs. Linder were then endeavoring to enforce it against the property, or she, by her acts and conduct, without the consent of plaintiff and against its protest, released and discharged the lien, and to that extent discharged the surety. Neither position will avail here. We concede, of course, that for some purposes there was a merger, as in Swift v. Conboy, 12 Iowa 444; but, in so far as the rights of a surety are concerned, there is either no merger, or else there was a release of the surety. We need not determine which is the proper rule here. The cases, however, seem to hold that the rights of the creditor will be preserved to the surety under such circumstances."

The case before us is not one brought by the surety against the creditor to enjoin the collection of the judgment or to secure subrogation in which their rights as between each other are open to adjudication and are sought to be adjudicated. We are here concerned with a decree in this Court expressly adjudged to be in lieu of that entered in the district court. The decree in the district court is expressly adjudged to have been "superseded and set aside." A new decree was entered in the district court. Neither the district court nor this Court on appeal in the present case can review or alter the judgment of this Court or the final judgment of the district court in the former case. Defendant has not claimed discharge from that judgment. On the contrary he has paid it, has taken an assignment of it and is claim-

ing as owner of it. The judgment creditors who obtained the later decree, which in terms stated that it was in lieu of the earlier one, and that thereby the earlier one was superseded and set aside could not claim that the lien given by the earlier judgment was not vacated. Defendant pleads that he paid the judgment creditors and took from them a written assignment of the judgment; that upon payment he became subrogated to all the rights, titles and liens of the judgment creditors existing at the time he became obligated on the bond, including the lien. The defendant has chosen to take an assignment of the judgment and to claim the rights of the judgment creditors under it. He is, therefore, occupying the position of the judgment creditors, who had no lien under the first judgment. While claiming the benefit of the new judgment defendant is in no position to repudiate its express condition binding on his assignors that the former judgment no longer exists.

By executing the supersedeas bond defendant consented that this Court might grant such remedies as it under the constitution and law was authorized to award to the appellee in that case. His bond was conditioned, among other things, to perform "any judgment or order which the Supreme Court may render or order to be rendered by the said district court not exceeding * * *" When the judgment in this Court was rendered (its validity not being questioned) defendant's duty was to pay it. He did not question but on the contrary recognized its validity and his duty to pay it by paying. He thereby became subrogated to the rights of the judgment creditors under that judgment, not under a former judgment which had been superseded. We are cited to no authority to sustain the proposition that in this suit this plaintiff, who was a stranger to the first suit, may be subjected to the consequences of a claimed subrogation which has at no time been asserted against the judgment creditors, a right of subrogation which on the record to which the defendant made himself a party if it ever existed has as to the judgment creditors been prima facie at least discharged.—Affirmed.

FAVILLE, C. J., and EVANS, STEVENS, ALBERT, KINDIG, WAGNER, GRIMM, JJ., concur.